158 U.S. 123
 15 S.Ct. 786
 39 L.Ed. 919
 BEARDSLEY
v.
ARKANSAS & L. RY. CO.
 No. 199.
 May 6, 1895.
 
 Paul F. Beardsley filed his bill in the circuit court of the United States for the Eastern district of Arkansas against John D. Beardsley and the Arkansas & Louisiana Railway Company to enforce certain rights in the railway under certain alleged trusts, which resulted in a final decree, February 24, 1887.
 The decree adjudged that complainant, Paul F. Beardsley, pay to defendant J. D. Beardsley the sum of $7,756.29 within 30 days, with interest from December 24, 1886; and that, upon such payment, defendant J. D. Beardsley convey and deliver to complainant or his successors of record, or into the registry of the court, one-third of the full-paid stock of the Arkansas & Louisiana Railway Company (less one-third of eight shares issued to the directors), which had been issued or ought to have been issued to defendant J. D. Beardsley, and which one-third amounted to 1,704 shares, of the face value of $100 each; and that at the same time defendant John D. Beardsley deliver and convey to complainant or his solicitors, or into the registry, one-third of 144 first mortgage bonds, earned under a construction contract between said defendant and the railway company, but not certified nor held as collateral security; and that as soon as said defendant received from the St. Louis, Iron Mountain & Southern Railway Company 240 first mortgage bonds of the Arkansas Company, held as collateral security, or as soon as the debt due the St. Louis Company had been paid, that he deliver to complainant one-third of these bonds. And it was further adjudged and decreed that the defendant John D. Beardsley had a lien on the one-third interest sold by him to complainant in the stock and bonds of the Arkansas Company for the payment of the sum of money herein adjudged to be due him from complainant; and that, if complainant should fail to pay that sum within the time fixed, that a sale of complainant's interest in said stock and bonds be made as directed, particulars relating thereto being set forth. It was also decreed that defendant John D. Beardsley pay all the costs of the proceedings, except the costs of such sale and the orders of court in pursuance thereof, which were to be paid by complainant.
 From this decree an appeal to this court was allowed J. D. Beardsley, April 6, 1887, as of March 30, 1887, and the record was filed herein September 27, 1887. The decree was affirmed February 2, 1891. Beardsley v. Beardsley, 138 U. S. 262, 11 Sup. Ct. 318.
 The present record discloses that on October 22, 1887, while the appeal first mentioned was pending, Paul F. Beardsley, without leave, filed a supplemental bill, making the St. Louis, Iron Mountain & Southern Railway Company a party with the original defendants, J. D. Beardsley and the Arkansas & Louisiana Railway Company. A motion to strike this bill from the files was made, and a demurrer and motion to dismiss filed, but the supplemental bill was retained, an amendment allowed to it making Jay Gould a party, the demurrer overruled, the bill taken as confessed by the Arkansas & Louisiana Railway Company, issues made up on the answers of J. D. Beardsley, the St. Louis Company, and Gould, evidence taken, and the case went to final decree before Caldwell, J., May 9, 1891.
 I was thereby decreed that defendant J. D. Beardsley held in trust for the use and benefit of the Arkansas & Louisiana Railway Company certain described lands, and he was directed within 30 days to execute and deliver to the railway company a proper deed of conveyance thereof. Certain exceptions to a master's report were sustained, and the court ordered that in all other respects the report be confirmed, and adjudged and decreed that the Arkansas & Louisiana Railway Company have and recover of J. D. Beardsley the sum of $21,072.16, with interest from August 5, 1889; and, further, that it appearing to the court that since the rendition of the decree on the original bill the Arkansas & Louisiana Railway Company had issued and delivered to defendant J. D. Beardsley certificates for all the full-paid and nonassessable stock of the company ordered to be issued by the decree, thus making, with the full-paid and nonassessable stock issued prior to the decree, the aggregate amount of 5,120 shares, of the face value of $100 each, and that the defendant John D., since the rendition of the original decree, had sold and delivered to defendant Jay Gould 51 per cent. of the whole number of shares of stock and had delivered the remaining 49 per cent. to A. L. Hopkins, as trustee, in pledge for the use and benefit of Gould, which delivery and pledge were in violation of the rights of complainant as adjudged in the original decree, upon the payment by complainant of the amount adjudged on the original bill to be due J. D. Beardsley, either to said J. D. Beardsley or his solicitor, the said J. D. Beardsley and Gould deliver and cause their trustee to deliver to complainant or to his solicitor of record, or into the registry of the court, certificates for 1,700 shares of the stock of the Arkansas & Louisiana Railway Company, of the face value of $100 each, of the stock so held by said trustee. It was further ordered and decreed that upon the payment by the Arkansas & Louisiana Railway Company of its debt to the defendant St. Louis, Iron Mountain & Southern Railway Company, for which certain of the bonds of the Arkansas Company were held in pledge, and upon payment by complainant of his indebtedness to defendant J. D. Beardsley, the defendants, J. D. Beardsley, the St. Louis, Iron Mountain & Southern Railway Company, the Arkansas & Louisiana Railway Company, and Gould, and their trustee or trustees, deliver to complainant or his solicitor 80 of the 240 first mortgage bonds now held by the St. Louis, Iron Mountain & Southern Railway Company or its trustee as collateral security, and that the Arkansas & Louisiana Railway Company, after such payment, cause to be duly and properly certified 48 of the 144 earned, but uncertified, bonds of said Arkansas & Louisiana Railway Company, and deliver them to complainant or his solicitor. It was further ordered and decreed that each and all of the defendants be enjoined and restrained from carrying out any of the terms or conditions of certain specified agreements between J. D. Beardsley and Jay Gould which in any manner conflicted with the interests or rights of complainant, 'as adjudged and declared in this decree, or with the decree heretofore rendered on original bill.' And it was decreed that defendant J. D. Beardsley pay all the costs, including a part of the fees theretofore paid to the master, and that the costs of the receiver be paid by the Arkansas & Louisiana Railway Company.
 The record contains the following entry June 16, 1891: 'And now, on this day, comes the defendant John D. Beardsley, by J. M. Moore, Esq., his solicitor, and files his assignment of errors, and prays an appeal to the supreme court of the United States from the first decree rendered in this cause on the ninth day of May, 1891, which prayer for appeal is allowed.' And on the same day J. D. Beardsley gave a supersedeas bond in the sum of $30,000, running to the Arkansas & Louisiana Railway Company alone, and reciting that 'whereas, the above-named John D. Beardsley hath prosc uted an appeal to the supreme court of the United States to reverse the judgment rendered against him and in favor of the said Arkansas and Louisiana Railway Company in the above-entitled action by the circuit court of the United States for the Eastern district of Arkansas, in chancery,' which bond was that day approved by Williams, J.
 No citation was issued and served as far as appears, and the record was filed in this court June 22, 1891, the cause being docketed under the title of 'John D. Beardsley, Appellant, vs. The Arkansas and Louisiana Railway Company.' J. M. Moore and A. H. Garland, for appellant.
 John J. Joyce, for appellee.
 Mr. Chief Justice FULLER, after stating the facts in the foregoing language, delivered the opinion of the court.
 
 
 1
 This appeal was perfected as to the Arkansas & Louisiana Railway Company only by the giving of bond as required by statute (Rev. St. §§ 1000, 1012); and while the omission of the bond does not necessarily avoid an appeal, if otherwise properly taken, and in proper cases this court may permit the bond to be supplied, no application for such relief has been made in this case, nor could it properly be accorded after the lapse of nearly four years since the decree. The appeal might, therefore, well be dismissed, because ineffectual as to complainant, Paul F. Beardsley.
 
 
 2
 But this must be the result on another ground. To the decree, Paul F. Beardsley was party complainant, and John D. Beardsley, the St. Louis, Iron Mountain & Southern Railway Company, Jay Gould, and the Arkansas & Louisiana Railway Company were parties defendant.
 
 
 3
 It is settled, for reasons too obvious to need repetition, that in equity causes all parties against whome a joint decree is rendered must join in an appeal, if any be taken; but this appeal was taken by John D. Beardsley alone, and there is nothing in the record to show that his codefendants were applied to and refused to appeal, nor was any order entered by the court, on notice, granting a separate appeal to John D. Beardsley in respect of his own interest. The appeal cannot be sustained. Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693.
 
 
 4
 Appeal dismissed.