TEXAS & P. RY. CO. v. REEDER.

(Circuit Court of Appeals, Fifth Circuit. August 4, 1896.)

No. 484.

1. ASSIGNMENT OF ERROR—WAIVER.
    An assignment of error is waived by the failure of plaintiff in error to refer to it in his brief.
2. LIVE-STOCK TRANSPORTATION—INJURY TO PERSON IN CHARGE.
    In an action for injuries to one in charge of live stock during transportation, the contract for which provided that such person should remain in the caboose car while the train was in motion, it is proper to refuse a peremptory instruction based on the theory that he was bound to remain in the caboose whether or not the train was in motion.

In Error to the Circuit Court of the United States for the Eastern District of Texas.

The language of the brief of plaintiff in error on page 3, to which reference is made in the opinion, was: "The following are the errors assigned and urged: Second assigned error," etc.; no reference to the first assigned error being made.

On January 28, 1895, Alexander Reeder instituted this suit in the district court of Marion county, Tex., against the Texas & Pacific Railway Company. The petition alleged as follows: "That the defendant is a corporation engaged in the transportation of passengers, goods, and property, including live stock, as a common carrier of same, on its certain railroad, owned and operated by defendant, a portion of which extends from Texarkana, Texas, to Longview, Texas; and defendant was so engaged in the operation of said railroad and portion of same above referred to, as such common carrier, on, to wit, the 22d day of October, 1894, when the injury to plaintiff herein complained of oc-

curred." "The plaintiff, having a few days before started from Scottsville, Kansas, for Houston, Texas, with a car load of horses and cows, reached Texarkana, Texas, with the same in safety and in good condition, reasonable care having up to that time been exercised by the employés of the various railroads over which said car had been transported to that point. That at said point the car containing said horses and cows was taken in charge by the defendant, for the purpose of transporting same over defendant's said line of railroad from Texarkana to Longview; and that plaintiff, in accordance with the custom theretofore pursued by him, it being the usual and customary manner under the circumstances, continued to remain with said horses and cows in the car occupied by them while the same was being transported from Texarkana to Longview, with the knowledge and consent of defendant." "That the engineer and employés of defendant, who were operating said train of which said car formed a part, failed to exercise reasonable care and diligence in the handling of said train after it left Texarkana, Texas, and did on many occasions before the same reached Longview subject the cars in which the plaintiff was riding, with said horses and cows as aforesaid, to jerks and jolts and shocks, and of great and unnecessary violence, whereby said stock in plaintiff's charge were repeatedly thrown from their feet upon the floor of the car in which they were being transported; and defendant's said employés did persist in such reckless and unnecessary violence in the operation of said train notwithstanding that they were aware of plaintiff being in said car with said horses and cows, and notwithstanding his repeated protest against such unnecessary violence on the part of said employés, and notwithstanding his repeated requests to them to exercise greater care. That on one occasion, and just before said train reached Longview, the car in which plaintiff was riding as aforesaid was so violently jerked as to cause all or nearly all of said horses and cows in said car to be thrown from their feet upon the floor of same; and that, while plaintiff was engaged in trying to get them upon their feet again, said car was subjected to another jolt and jar of extraordinary severity, and of a far more violent character than any which had preceded it, the same having been caused by the engineer in charge of said train starting or stopping or moving the same, or a portion of same, with unnecessary abruptness and violence. That, when last-mentioned jolt occurred, plaintiff was standing with his feet securely braced, for the purpose of guarding against any sudden movement of the car, but that the jolt last referred to was one of extraordinary severity; and, when it occurred, plaintiff grasped an iron bar or hand hold fastened to the car, and was swung around upon the same with such force and violence as to tear his right arm from the socket, and to dislocate the same, and to inflict upon him bodily injuries otherwise of a most serious and permanent character, notwithstanding the precaution taken by plaintiff to prevent his being thrown from his feet, whereby he was injured in person as aforesaid, without fault or negligence on his part, but through and on account of the negligence and carelessness of the defendant company, its agents and employés, as aforesaid." "And plaintiff alleges that, when said accident occurred, he was riding in said car on a drover's pass, with the knowledge, acquiescence, and consent of defendant as aforesaid, and for which defendant had received a valuable consideration." "The plaintiff's arm has been almost entirely rendered useless by reason of said accident, and plaintiff's capacity to earn a living has been greatly impaired on account thereof, and that he has been subjected to great physical pain and suffering and mental anguish on account thereof, to his damage in the sum of ten thousand dollars."

The cause was removed to the United States circuit court for the Eastern district of Texas. The Texas & Pacific Railway Company answered by general demurrer and general denial, and specially pleaded that, if Reeder was injured as alleged, it was on account of his own contributory negligence in riding in a stock car with the stock, instead of riding in the caboose, and in trying to lift up some of his cattle which were down in the stock car, while the car was in motion. The railway company further pleaded that Reeder assumed the risk of riding in the stock car instead of in the caboose, and that, under the rules of the railway company, Reeder was required to ride in the caboose; that he was notified and advised by the operatives and conductor

of said train of said rules; and that he refused to ride in the caboose, and got in the stock car. with his stock, of his own volition, and over the protest of the railway company; and that, if Reeder had ridden in the caboose, he would not have been hurt. The "live-stock contract" under which Reeder and his stock were being transported imposed upon Reeder the risk and expense of feeding and otherwise caring for the stock; and the contract provided that the person in charge of the live stock should remain in the caboose car attached to the train, while the same was in motion.

On the trial before the judge and a jury, there was a conflict of evidence. The trial judge charged the jury, inter alia, as follows: "If you believe from the evidence that the plaintiff, Alexander Reeder, was riding in the stock car in which his horses and cattle and goods were being transported over the defendant's road; and that while the train was stationary, his cattle being down, and needed his attention, he at the time, in a prudent and careful manner, attempted or did give the horses and cattle the attention or assistance which they needed; and that the plaintiff was injured at that time by a sudden and unusual hard jerk or jolt or bumping of the cars in which he was riding, through and by the negligence of the defendant company or its operatives,—you will find for the plaintiff, and assess actual damages as herein-after instructed. If, however, you believe from the evidence that at the time the plaintiff was hurt, that the train upon which he was riding was in motion, at the time he was giving the horses and cattle the assistance which they needed, the plaintiff would not be entitled to recover, and you will find for the defendant." The jury returned a verdict in favor of Reeder for $1,500.

The assignments of error are as follows: "(1) The court erred in allowing the deposition of the plaintiff, Alexander Reeder, to be read in evidence over the objection of the defendant, because the plaintiff was present in court at the time, and afterwards testified in person. (2) The court erred in refusing to charge the jury as requested by the defendant, as follows: 'Upon the law and the facts in this case, the plaintiff cannot recover, and you are instructed to return a verdict for the defendant,'—because the plaintiff assumed the risk, and by riding in the stock car instead of the caboose, which he was invited to ride in, and which was prepared for his transportation, and in which he would not have been hurt, was guilty of contributory negligence, and, upon all the' evidence, he was not entitled to recover. (3) The court erred in its main charge to the jury, as follows: 'If you believe from the evidence that the plaintiff, Alexander Reeder, was riding in the stock car in which his horses and cattle and goods were being transported over the defendant's road, and that while the train was stationary, his cattle being down, and needed his attention, he at that time, in a prudent and careful manner, attempted or did give the horses and cattle the attention or assistance which they needed, and that the plaintiff was injured at that time by a sudden and unusual hard jerk or jolt or bumping of the car in which he was riding, through and by the negligence of the defendant company or its operatives, you will find for plaintiff,'—because it was not qualified by the doctrine of assumed risk and contributory negligence of the plaintiff in riding in the stock car instead of the caboose, which was a safer position, and where he would not have been hurt. (4) The court erred in refusing to give special charge No. 2, requested by the defendant, as follows: 'If you find from the evidence that the plaintiff would not have been hurt if he had ridden in the caboose instead of the stock car, you will find for the defendant,'—because the caboose was the proper car for the plaintiff to ride in, and where he was invited to ride by the operatives of the defendant, and where his drover's pass required him to ride, and where he would not have been hurt if he had done so. (5) The court erred in refusing to give the third special charge requested by the defendant, as follows: 'If you find from the evidence that the plaintiff, Alexander Reeder, rode in the stock car with his cattle and goods, and that a caboose was attached to said train, and the conductor or operatives of said train invited the plaintiff to ride in said caboose, and that the caboose was a safer place to ride in than the stock car, you will find for the defendant company,'—because if the plaintiff voluntarily or for his own convenience rode in the stock car, when a caboose was provided for him, he thereby contributed

to his own injury, and assumed all risk, in taking the more dangerous position in the stock car, which was proved by the uncontroverted evidence in the case. (6) The court erred in refusing to give the fourth special charge as requested by the defendant, as follows: 'If you find from the evidence that the caboose was a safer place to ride in than the stock car, and the plaintiff knew it, or could have known it by the use of ordinary diligence, the plaintiff cannot recover, and you will find for defendant company,'—because it was established by the undisputed evidence that the caboose was a safer place, and the plaintiff was requested by the operatives to ride in the caboose, and he was guilty of contributory negligence by riding in the stock car."

T. J. Freeman, for plaintiff in error.

Pressley K. Ewing and L. S. Schluter, for defendant in error.

Before McCORMICK, Circuit Judge, and SPEER and PARLANGE, District Judges.

PARLANGE, District Judge (after stating the case as above). I take it to be clear that plaintiff in error has abandoned the assignment of error No. 1. The language of the brief for plaintiff in error (page 3) can have no other meaning. See American Fibre Chamois Co. v. Buckskin Fibre Co., 18 C. C. A. 662, 72 Fed. 508.

Assignment of error No. 2, which addresses itself to the refusal of the trial judge to direct a verdict in favor of the railway company, is without force. The reason given for asking a peremptory instruction shows that the request was based upon the erroneous theory that Reeder was bound to remain constantly in the caboose, without regard to the fact whether the train was in motion or not. It is, of course, evident that, if Reeder had ridden in the caboose during the whole trip, the particular accident which befell him would not have happened; but, under the contract, he had the right to care for his stock, and the only restriction which the company placed upon his actions in that respect was that he should not attend to the stock while the train was in motion. This case was clearly not one in which it would have been proper for the trial judge to have directed a verdict. There was a conflict of evidence, and sufficient testimony, if believed by the jury, to sustain a verdict in favor of Reeder. The credibility of witnesses is matter for the jury.

All the other assignments of error are, in the same manner as assignment of error No. 2, open to the fatal objection that they assume that Reeder had no right to leave the caboose; whereas, if the car was stationary, and his cattle needed attention, and he proceeded to care for them in a prudent manner, and he was then injured by the fault of the railway company, there is nothing in the law or in the contract to prevent him from recovering.

The charge of the trial judge stated the issues and the law fairly and clearly. The question of fact was left to the jury, as it should have been. There is no error in the case, and, for the foregoing reasons, I concur in the judgment of the court affirming the judgment of the lower court.