WEBBER et al. v. MIHILLS et al.

(Circuit Court of Appeals, Eighth Circuit. July 9, 1903.)

No. 1,850.

1. ASSIGNMENT OF ERRORS—FILING BEFORE APPEAL INDISPENSABLE.

The filing of an assignment of errors before the allowance of an appeal is indispensable under the 11th rule of the Circuit Courts of Appeals (91 Fed. vi, 32 C. C. A. lxxxviii), and the appeal will be dismissed if the assignment is not filed before its allowance.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the Western District of Arkansas.

This is an appeal from the decree of the District Court sitting in bankruptcy, which dismissed a petition of the appellants, George Webber, trustee

of the Mammoth Pine Lumber Company, the bankrupt, and the South Texas National Bank, a creditor of the bankrupt, to review the allowance of the claim of the trustee and executors of the estate of M. T. Jones for the payment to them of a share of the proceeds of the sale of certain lands of the bankrupt upon which they held vendor's and mortgage liens. The trustee and the executors of the estate of Jones did not present or prove their claim against the estate of the bankrupt, but they filed an intervening petition setting up their claim to the proceeds of the sale of the lands upon which they held the vendor's and mortgage liens. This intervening petition was filed in the proceeding in bankruptcy against the Mammoth Pine Lumber Company on July 20, 1901. The claim which it presented was duly allowed after notice to the creditors and the trustee, and it was paid by the trustee on October 29, 1901. On August 21, 1902, the appellants appeared and filed a petition to review the allowance of this claim. The court denied and dismissed their petition on November 19, 1902, and on that day they prayed and were allowed an appeal to this court. On November 26, 1902, they filed the only assignment of errors which appears in the case.

L. A. Byrne, for appellants.
W. H. Arnold, for appellees.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The decree of allowance of the claim which the appellants sought to review in the District Court was rendered nearly a year before they filed their petition for that purpose, and there is no disclosure in this record of any accident or mistake which prevented an appeal from the order making that allowance or of any diligence in preparing for or prosecuting the petition for its review. The claim was paid, pursuant to the order of allowance, more than nine months before the petition was filed in the District Court, and these facts of themselves would be sufficient to prevent a reversal of the decree dismissing this petition, if that question was here for our consideration.

But the fact is that the merits of this case are not within our reach, because no assignment of errors was filed in the court below until more than six days after the appeal was allowed. Section 997 of the Revised Statutes [U. S. Comp. St. 1901, p. 712] makes an assignment of errors, a prayer for reversal, and a citation to the adverse party essential parts of the record upon which a review of the rulings of a trial court may be invoked in the appellate courts of the United States. When an appeal is prayed and allowed in open court the prayer for reversal and the citation may be waived. But the assignment of errors is indispensable to the perfection of the appeal. Rule 11 of this court provides that "the plaintiff in error or appellant shall file with the clerk of the court below, with his petition for the writ of error or appeal, an assignment of errors which shall set out separately and particularly each error asserted and intended to be urged. No writ of error or appeal shall be allowed until such assignment of errors shall have been filed." 91 Fed. vi, 32 C. C. A. lxxxviii. Attention has been sharply called to this rule, and the announcement has been plainly made that it would be enforced, although in the earlier cases the errors assigned were carefully examined, that no injustice might result from

124 F.—5

an unexpected application of the rule. U. S. v. Goodrich, 4 C. C. A. 160, 161, 54 Fed. 21, 22; Union Pac. R. Co. v. Colorado Eastern R. Co., 4 C. C. A. 161, 54 Fed. 22; City of Lincoln v. Sun-Vapor Street Light Co. of Canton, 8 C. C. A. 253, 59 Fed. 756, 759. But in the later cases the rule has been steadily and uniformly enforced. Thus, in Frame v. Portland Gold Min. Co., 47 C. C. A. 664, 665, 108 Fed. 750, 751, a writ of error was dismissed because the assignment of errors was not filed until two days after the issue of the writ. To the same effect are Flahrity v. Railroad Co., 6 C. C. A. 167, 56 Fed. 908; Crabtree v. McCurtain, 10 C. C. A. 86, 61 Fed. 808; Lloyd v. Chapman, 35 C. C. A. 474, 93 Fed. 599, 601; Insurance Co. v. Conoley, 11 C. C. A. 116, 63 Fed. 180; Grape Creek Coal Co. v. Farmers' Loan & Trust Co., 12 C. C. A. 350, 63 Fed. 891; Van Gunden v. Iron Co., 3 C. C. A. 294, 52 Fed. 838; Railway Co. v. Reeder, 22 C. C. A. 314, 76 Fed. 550. The assignment of errors in this case was not filed until seven days after the allowance of the appeal, and the appeal must be dismissed under rule 11. It is so ordered.