## LA CONNER TRADING & TRANSPORTATION CO. v. WIDMER.

(Circuit Court of Appeals, Ninth District.   March 6, 1905.)

No. 1,108.

1. APPEAL—DISMISSAL—GROUNDS—DEFECTIVE BOND.

An objection to an appeal bond on the ground that it does not conform to the rules of court, and that its terms are such that it only binds appellant for the judgment of the Court of Appeals, is not ground for a dismissal of the appeal.

2. SHIPPING—CARRIAGE OF GOODS—DELAY—DAMAGES—ESTIMATION.

On a libel for damages for unreasonable delay in transporting horses to Alaska during the Klondike rush of 1898, the evidence showed that a horse was worth $20 a day during the period of delay. It further showed that the horses were put on board the vessel on February 22d, that the vessel did not sail until February 24th, that it stopped two days on the way, that it arrived at its destination on March 6th, that the horses were not discharged until March 9th, and that, owing to a further delay in unloading their equipment, they were not available for service until March 14th. This delay was caused by using a lighter which was used, notwithstanding the payment of wharfage by the shipper in advance in order that there should be no such delay. *Held*, that an estimate of damages on the basis of 10 days' delay was reasonable, and an award of damages on such basis was not excessive.

3. DAMAGES—INTEREST—DISCRETION OF COURT.

The allowance of interest on damages for delay in the transportation of horses depends upon circumstances, and rests in the discretion of the court.

Appeal from the District Court of the United States for the Northern Division of the District of Washington.

This is a libel in personam, brought by the appellee, J. M. Widmer, for himself, and as the assignee of others, to recover from the appellant, La Conner Trading & Transportation Company, for loss and damage sustained by the libelant and his assignors by reason of the unreasonable delay in transporting 19 horses from Seattle, Wash., to Skagway, Alaska, in the year 1898, on the bark Enoch Talbot, as a common carrier of merchandise and live stock upon contracts of shipment, transportation, and subsistence. The court below found that there was unreasonable delay in commencing the voyage, in prosecuting the voyage, and in discharging the cargo at the point of destination; that this unreasonable delay amounted in the aggregate to 10 days, for which damages were assessed by the court at the rate of $20 a day for each of the 19 horses, amounting to $3,800. To this amount was added interest at 6 per cent. per annum from the date of the filing of the libel, amounting to $779.

Ira Bronson and Ballinger, Ronald & Battle, for appellant.
James Kiefer, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after stating the facts, delivered the opinion of the court.

The appellee has interposed a motion to dismiss, on the ground that the bond on appeal does not conform to the rules of the court, and that its terms are such that it only binds the appellant for a judgment of this court, and, if this court should direct the court below to modify its decree, the sureties of appellant would not be liable for the payment of such decree. This objection to the appeal bond is no ground for dis-

missing the appeal. Hudgins v. Kemp, 18 How. 530, 535, 15 L. Ed. 511, 514; Beardsley v. Arkansas & L. Ry. Co., 158 U. S. 123–127, 15 Sup. Ct. 786, 39 L. Ed. 919. The motion to dismiss is therefore denied.

The claim of the appellant that it is not liable because it acted as agent of the bark Enoch Talbot, and not as the principal, is contradicted by the written contracts between the parties for the transportation of the horses, in which the appellant is named as the principal making the contract.

It is assigned as error that the decree awarding damages is excessive, and is not supported by the evidence. The appellant contends that the evidence does not show that the appellee or his assignors would have made any profits had there been no delay in the delivery of the horses at the point of destination. The evidence shows that the horses were shipped to Skagway for the purpose of being used for packing and hauling freight from Skagway to the lakes at the head of navigation on the Yukon river, and in and about Skagway. This business was connected with the transportation engaged in the great Klondike rush of 1898, and it is a matter of public notoriety that this transportation was in great demand, and there is evidence that it was remunerative to a majority of those engaged in it. It will serve no useful purpose to review the testimony upon this subject. It is sufficient to say that it appears from the record that the weight of evidence supported the findings of the court below that each horse was worth at least $20 a day in Skagway during the period they were delayed on the voyage, and at Skagway before they were discharged from the vessel. With respect to the number of days the transportation of the horses was delayed unreasonably, the libelant claimed that the delay amounted to 43 days, including a period commencing February 5, 1898, when the horses were ready for shipment, and evidence was introduced to support that claim. But the court found a delay of only 10 days. This finding was based upon evidence showing that the horses were taken on board the vessel on February 22, 1898, but the vessel did not sail until February 24th. The vessel stopped two days at Nanaimo, and arrived at Skagway on March 6th. The horses were not discharged until March 9th, and the harness and pack saddles and other equipment were not finally discharged until March 13th, and the horses were not available for service until March 14th. The voyage was to be a continuous one, and wharfage at Skagway was paid by the shipper in advance, in order that there should be no delay at the port of discharge. Notwithstanding this arrangement, the cargo was discharged by lighter, causing the delay at Skagway. We think the estimated delay of 10 days was very reasonable, under all the circumstances, and as shown by the testimony.

The court below allowed interest on the damages, caused by the delay, from the date of the filing of the libel to the date of the entering of the decree. The allowance of interest on damages depends upon circumstances, and rests in the discretion of the court. The Scotland, 118 U. S. 507, 518, 6 Sup. Ct. 1174, 30 L. Ed. 153.

Finding no error in the record, the decree of the District Court is affirmed.