LAMON et al. v. SPEER HARDWARE CO.

(Circuit Court of Appeals, Eighth Circuit.   October 27, 1911.)

No. 3,530.

APPEAL AND ERROR (§ 324*)—NECESSARY PARTIES—JOINT DEFENDANTS.

A general judgment rendered against the original defendants in the case and the sureties on a supersedeas bond given by them is joint, and such original defendants cannot alone review the same by writ of error, without summons and severance as to their codefendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1806–1809; Dec. Dig. § 324.*]

In Error to the Circuit Court of the United States for the Eastern District of Oklahoma.

Action at law by the Speer Hardware Company against W. A. Lamon and J. W. Wallace, partners as W. A. Lamon & Co.   Judgment for plaintiff against such defendants and others as sureties on their supersedeas bond, and defendants bring error.   On motion to dismiss writ of error.   Motion sustained.

N. B. Maxey (J. B. Campbell and W. O. Beall, on the brief), for plaintiffs in error.

James F. Read (James B. McDonough, on the brief), for defendant in error.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge.   In 1906, before the Indian Territory became a part of a state, Speer Hardware Company, the defendant in error, recovered a judgment in the United States Court for the Western District of that Territory for some over $8.000 against W. A. Lamon and J. W. Wallace.   From this judgment a writ of error was secured from the Court of Appeals in the Indian Territory, where the case was pending at the time Oklahoma was admitted into the Union of states.   Pursuant to the provisions of the enabling act, the case, by operation of law, went to the Supreme Court of the state.   Afterwards, in the exercise of the right of removal given by that act, the case was taken to the United States Circuit Court for the Eastern District of Oklahoma, where it was tried on the record made in the original trial court.   The judgment of the United States Court for the Western District of the Indian Territory was in all respects affirmed, and a new judgment was entered against Lamon and Wallace, and also against A. C. Miller, Fred Walker, B. A. Brunson, John W. Gibson, and William C. Edwards, who were sureties on a supersedeas bond originally given by Lamon and Wallace when they secured their writ of error from the United States Court of Appeals in the Indian Territory.

This judgment, after making the requisite findings, reciting the proceedings which brought the case into that court and the giving of the supersedeas bond by the principals and their sureties, concluded thus:

"Now, therefore, it is considered, ordered, and adjudged by the court that the said Speer Hardware Company have and recover of and from the said

W. A. Lamon and J. W. Wallace, appellants herein, and A. C. Miller, Fred Walker, B. A. Brunson, John W. Gibson, and William C. Edwards, sureties on said supersedeas bond, the sum of $11,039.72, together with the costs of this appeal, to be taxed by the clerk of this court, and may have execution therefor. Execution stayed for 60 days from this date."

This judgment was manifestly joint. There was nothing distributive as between the judgment debtors, or nothing making the sureties only secondarily liable. A general judgment was rendered, and an execution was awarded, against all alike. The two first-mentioned judgment debtors, who were the principals in the supersedeas bond, alone sued out this writ of error. There was neither summons and severance, nor any notice given to the other judgment debtors, nor any other equivalent proceeding requiring them to join in the writ or be foreclosed of their right of review. On these grounds the defendant in error moves the court to dismiss the pending writ of error.

This motion must be sustained, on the authority of Estes v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437, Inland, etc., Coasting Co. v. Tolson, 136 U. S. 572, 10 Sup. Ct. 1063, 34 L. Ed. 539, Mason v. United States, 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 545, Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933, Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 76, Davis v. Mercantile Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563, and Beardsley v. Ark. & Louisiana Railway, 158 U. S. 123, 15 Sup. Ct. 786, 39 L. Ed. 919, and cases cited.

It is so ordered.