**SMITH et al. v. COLLINS.**

(Circuit Court of Appeals, Eighth Circuit.
April 17, 1926.)

No. 7439.

1. **Appeal and error ⬅⟶323(3)—Appeal by less than all from joint decree against all defendants will be dismissed, the others not perfecting any appeal nor being barred from review.**

Appeal from joint decree against all defendants will be dismissed, not being joined in by one of them, and he neither perfecting any appeal nor being barred from a review by proceeding of summons and severance, or by consent or refusal.

2. **Appeal and error ⬅⟶628(1)—Sickness of one of appellants' attorneys held not a sufficient excuse for failure to comply with rules of Circuit Court of Appeals for preparing case for hearing, so that motion for permission to file record, etc., will be denied (rule 16).**

Sickness of one of the attorneys of appellants long after issuance of citation and service thereof *held* not sufficient excuse for failure to file record in Circuit Court of Appeals in time required by rule 16, and other failures to exercise diligence to prepare case for hearing and disposition, so that application for leave to file record, etc., will be denied.

On Motion of Appellee to Docket and Dismiss the Appeal.

Suit by Margaret I. Collins against S. M. Smith and others. From a decree for plaintiff, certain defendants appeal. Motion of appellee to dismiss sustained. Appellants' motion for leave to file record, etc., denied.

Charles B. Wilson, Jr., of Pawhuska, Okl., for appellants.

I. H. Cox, of Okmulgee, Okl., and Irvine Mitchell, of St. Louis, Mo., for appellee.

Before SANBORN, Circuit Judge, and DAVIS, District Judge.

PER CURIAM. [1] The appellee, who was the plaintiff below, makes a motion to dismiss the appeal in this case, on the ground that the decree was a joint decree against all the appellants, who were the defendants below, and that the defendant Lewis did not join with the other defendants in their appeal, nor did he perfect any appeal from the decree, nor was he barred from a review of the decree by any record in the court below, or a decree or order in the proceeding of summons and severance, or by any consent to or refusal to take part in the appeal of the other parties. The record of the court below demonstrates that the grounds of this motion which have been stated in fact exist. The motion, therefore, must be sustained on the authority of Lamon v. Speer Hardware Co., 190 F. 734, 735, 111 C. C. A. 462, and the cases there cited; 4 Foster, Federal Practice (6th Ed.) § 697, p. 3769; Copland v. Waldron, 133 F. 217, 219, 66 C. C. A. 271; Masterson v. Herndon, 10 Wall. 416, 418, 19 L. Ed. 953; Beardsley v. Ark. & La. Ry. Co., 158 U. S. 123, 127, 15 S. Ct. 786, 39 L. Ed. 919. There are other grounds for the granting of this motion presented which it is unnecessary to recite, but they disclose violations of the rules of this court and such laches as would compel the same result.

[2] Counsel for the appellants make an application for an order permitting them to file the record of this case in this court, to docket it, and to issue a citation to the appellee, on the grounds that a citation was issued by the court below on the 5th day of December, 1925, returnable in 60 days after that date; that a copy of it was mailed to the appellee's attorney on January 22, 1926; that about February 1, 1926, Mr. Hargis, one of the eight attorneys for the appellants whose names appear on the application, to whom they intrusted the duty of taking their appeal, was prevented from conducting his business by illness during the months of February and March, 1926. If such a citation was issued, and if it was duly served on counsel for the appellee, then the appellants failed to comply with rule 16 of this court, which required them to file the record in this case within 60 days after December 5, 1925, and that in case of a failure so to do the appellee may have the case docketed and dismissed. The appellants have not filed the record, and the illness of Mr. Hargis during February and March does not seem to us to be a sufficient excuse for this and other failures to exercise reasonable diligence to prepare for the hearing and disposition of this case at the term commencing May 3, 1926, as they could easily have done by a simple compliance with the rules of the court.

The motion of the appellants must be and it is denied.