## AMERICAN SURETY CO. OF NEW YORK v. PEOPLE OF STATE OF COLORADO, for Use of LITTLE.

Circuit Court of Appeals, Eighth Circuit
November 12, 1927.

No. 7800.

**1. Appeal and error ⚖➝323(3)—Joint judgment cannot be reviewed on error, unless all judgment debtors are parties or there has been a severance.**

It is a fundamental rule that a joint judgment cannot be reviewed on error, unless all the judgment debtors are parties to the record, or there has been a severance or its equivalent, as shown by the record.

**2. Appeal and error ⚖➝329—Joint defendant must be brought into error proceedings before expiration of time for suing out writ.**

A judgment is not reviewable on error, where no steps were taken to have one of two joint defendants joined in the proceedings until the time for suing out writ of error had expired.

**3. Appeal and error ⚖➝362(1)—Assignment of errors must be filed with petition for writ (Circuit Court of Appeals rule 11).**

Assignment of errors must be filed with petition for writ of error, as required by rule 11 of the Circuit Court of Appeals.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Action at law by the People of the State of Colorado, for the use of Lenora Little, against Joseph M. Hutchinson, as Sheriff, and the American Surety Company of New York. Judgment for plaintiff, and defendant Surety Company brings error. Writ of error dismissed.

Edgar McComb, of Denver, Colo. (Rodney J. Bardwell, Robert G. Strong, and Rodney J. Bardwell, Jr., all of Denver, Colo., on the brief), for plaintiff in error.

Edwin H. Park, of Denver, Colo., for defendant in error.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

POLLOCK, District Judge. This was an action at law by the people of the state of Colorado, to the use of Lenora Little (hereinafter called "plaintiff"), against Joseph M. Hutchinson, as sheriff of Chaffee county, Colorado, and the American Surety Company, the surety on his official bond, as defendants, to recover damages for personal injuries inflicted upon plaintiff in causing her wrongful arrest. The case was once heard, resulting in a judgment for defendants, which judgment was on proceedings in error reversed and remanded for a new trial. A second trial was had on the same pleadings on which it had been heard at the former trial, and resulted in a joint verdict and judgment against both defendants. After judgment, separate motions for a new trial were interposed by defendants, and the same were on the 22d day of January, 1927, overruled and denied. Thereafter, and on January 26, 1927, a writ of error was issued to the American Surety Company (hereinafter called the "Surety Company") to review this judgment. Also on the same day defendant Surety Company alone gave its bond on appeal and had a citation issued and served.

While it does not appear any petition for the writ of error was at any time filed or presented to the court, or that the writ was granted on application made in open court, it does not appear from the record assignments of error were presented to the trial court at the time the writ was granted. The record shows the assignments of error made by the Surety Company alone were filed in court on January 31, 1927, five days after the writ was granted. It does not appear any steps were taken by the Surety Company to have its joint judgment debtor, the sheriff, made a party to the attempted proceedings in error until after the lodgment of the record in this court, and not until May 5, 1927, when a motion was interposed in this court by the Surety Company to permit the record to be changed by adding to the writ of error and all other papers the name of the joint debtor, the sheriff, as the plaintiff in error, or, in the event he refused to so join as plaintiff in error therein, then to make him a defendant in error to the record. This motion to amend the pleadings in error, and a motion of plaintiff to dismiss the writ of error are pending in this court.

[1] We have examined these motions with care, and are of the opinion the motion of the Surety Company to amend the record must be denied, and the motion to dismiss this proceeding in error taken alone by the Surety Company from the joint judgment against itself and the sheriff must be granted, and this writ of error dismissed for want of jurisdiction to in any manner disturb that judgment. That a joint judgment cannot be reviewed on error, unless all the judgment debtors are parties to the record, unless there has been a severance, or its equivalent, as shown by the record, is the settled fundamental rule. Beardsley v. Ark. & La. Ry. Co., 158 U. S. 123, 15 S. Ct. 786, 39 L. Ed. 919; Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Garcia v. Vela, 216 U. S. 598, 30 S. Ct. 439, 54 L. Ed. 632; Smith v. Collins (C. C. A.) 12 F.(2d) 267; Arkansas Anthracite Coal & Land Co. v. Stokes (C. C. A.) 2 F.(2d) 511, and many other cases. That the motion to amend cannot be granted, see the like situation presented in Mason v. U. S., 136 U. S. 581, 10 S. Ct. 1062, 34 L. Ed. 545.

[2, 3] Again, the order denying the motions for a new trial were made and entered January 22, 1927. The first effort made by the Surety Company or by the sheriff to join in the effort for a review of the joint judgment was May 5, 1927. At this date the judgment had become final, and no review could be had under the law because not taken in time. Aside from the failure to comply with the provisions of rule 11 of this court, which rule has many times been enforced by this court, see Webber v. Mihills (C. C. A.) 124 F. 64; Simpson v. First National Bank (C. C. A.) 129 F. 257; Reed v. Anderson (C. C. A.) 236 F. 345; Reeder v. Morton-Gregson Co. (C. C. A.) 296 F. 785.

For all these reasons, the motion to dismiss the writ of error must be granted. However, lest it be thought any injustice or hardship might have come to the Surety Company by this action, we have gone into

the case on its merits, as they are made to appear on this record, and are fully persuaded were the case here in condition to give this court the jurisdiction and power to review, the judgment rendered is right and just, and must in any event have been sustained.

The motion to dismiss is granted.