**RILLS' HEIRS v. A. WILBERT'S SONS LUMBER & SHINGLE CO. et al.***

No. 8724.

Circuit Court of Appeals, Fifth Circuit.

March 14, 1938.

*Rehearing denied April 14, 1938.

George C. Schoenberger, Jr., of Houston, Tex., and P. G. Borron, of Baton Rouge, La., for appellees.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

PER CURIAM.

This is a motion to docket and dismiss an appeal. The following facts appear: A bill in equity was filed in the District Court for the Eastern District of Louisiana by appellants. The suit was dismissed by Judge Dawkins, sitting by designation, after a hearing. An appeal was granted at Shreveport by the trial judge, conditioned upon appellants furnishing bond in the sum of $500, and the appeal was made returnable to this court within sixty days after the filing of the order in the record. The order was received and entered by the clerk at New Orleans on August 11, 1937. Under this order the time for filing the record expired on October 10, 1937, which was Sunday, and thereafter appellants had all the next day, October 11, on which to file the record. Equity Rule 80. On October 12, 1937, the trial judge entered another order granting sixty days additional time from that date for filing the record. Thereafter, two additional extensions of sixty days were granted by judges of this court. The last extension will expire on April 10, 1938. Appellants did not present assignment of errors with the motion for appeal; no citation has ever been issued nor has the bond been given. The motion to dismiss the appeal was filed in this court on February 15, 1938, but appellants have not yet either given or tendered a bond, have not filed an assignment of errors, nor caused a citation to be signed and served.

The statutes governing appeals provide that, except in appeals by the United States or in forma pauperis, every judge signing a citation on appeal shall take good and sufficient security that the appellant shall prosecute his appeal to effect, 28 U.S.C.A. § 869, and that there shall be annexed to and returned with any appeal an authenticated transcript of the record, an assignment of errors, and prayer for reversal, with a citation to the adverse party. 28 U.S.C.A. § 862.

Our rule 14 provides that all appeals must be made returnable and the transcript filed in the clerk's office at New Orleans not exceeding thirty days from the date of signing the citation; and that the citation must be signed, the bond for costs must be approved and filed, and the assignment of errors submitted and filed with the petition for the appeal, immediately after the appeal is allowed. Our rule 16 provides that it shall be the duty of appellant to docket the case and file the record thereof with the clerk of this court before the return day, whether in vacation or in term time. But, for good cause shown, the time may be enlarged by the trial judge for an additional sixty days or by any judge of this court by or before its expiration. And if the appellant shall fail to comply with this rule the appellees may have the cause docketed and dismissed.

It is apparent that the trial judge exceeded his authority in granting 120 days' time in which to file the record. He could have granted sixty days' additional time, making ninety days in all, for filing the record and this might have been done by one or more orders, provided each order was entered before the previous extension expired. In this case the first extension, which amounted to thirty days, had expired before the second extension was granted, and therefore it was of no effect. Consequently, the additional enlargements granted by the judges of this court were inadvertently entered and voidable.

Under our rules it was the duty of appellants, or more properly, their counsel, to promptly file the bond exacted by the trial court and to see that the citation was signed and served. In answer to the rule nisi, issued on the motion of appellees to docket and dismiss the appeal, appellants contend that an assignment of errors is unnecessary as the errors relied upon are apparent on the record. Of course, we may notice a plain error without assignment. But that does not relieve an appellant of the necessity of filing the assignment of errors. Such

errors as are relied upon for reversal, although apparent on the face of the record, should be pointed out.

In a meritorious case we could disregard the irregularities in extending the time for filing the record and by order of court permit the record to be filed. But this could not be done by a single judge. In the exercise of discretion we might also permit the citation to be now signed and served, the assignment of errors to be filed and the bond to be given, in order to prevent an injustice to the appellants, if appellees were not unduly prejudiced thereby. But good cause for permitting the appeal to be now perfected and the record filed is not shown. Appellants' attention was called to the irregularities in perfecting the appeal by the motion to docket and dismiss and no attempt has been made to correct them. Appellants had only three months after final judgment rendered to take an appeal. 28 U.S.C.A. § 230. More than seven months have elapsed since the judgment was entered in the District Court and the appeal has not yet been perfected. Such willful disregard of the statutes and our rules should not be excused in justice to appellees. Beardsley v. Ark. & La. Ry. Co., 158 U.S. 123, 15 S.Ct. 786, 39 L.Ed. 919.; Cox & Carpenter v. Little, 5 Cir., 53 F.2d 84; Cowden v. Addis, 5 Cir., 55 F.2d 230.

The motion to docket and dismiss the appeal is granted.