## BRENNAN v. UNITED FRUIT CO.
### No. 9241.
Circuit Court of Appeals, Fifth Circuit.
Jan. 11, 1940.
Rehearing Denied Feb. 23, 1940.

Joseph F. Blasi, Jr., of New Orleans, La., for appellant.

W. B. Spencer, of New Orleans, La., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

James Brennan is the owner of letters patent covering certain improvements on banana unloading machines. He brought suit against United Fruit Company seeking damages for alleged infringement of the patent. Brennan charged the defendant with having made, used, and sold banana unloaders embodying and containing the improvements described in his letters patent. He charged also that acts of infringement had occurred within the past six years in the Eastern District of Louisiana and elsewhere in the United States.

United Fruit Company appeared specially and filed a plea to the jurisdiction of the court on the grounds that it was not an inhabitant of the Eastern District and that no alleged act of infringement had occurred in the district within six years of the filing of the petition. Issue was joined on this plea. After hearing testimony and argument of counsel, the court sustained the defendant's plea and dismissed the suit. The case is here on a stipulation of facts.

On April 25, 1939, plaintiff duly filed and served notice of appeal. June 2, 1939, on motion of the plaintiff, the District Court extended the time for docketing and filing the transcript of record in this court to July 21, 1939. On July 13, 1939, the plaintiff filed a motion in this court for further extension, and on July 15th one of the judges extended the time to August 21, 1939. By

this extension the plaintiff was given, in all, 116 days within which to docket the case and file the transcript of record. The ninety day period provided by Rule 16 of this court expired July 24, 1939, and the transcript of record was actually filed on August 19, 1939.

The United Fruit Company filed a motion to dismiss the appeal on the ground that the filing and docketing occurred more than ninety days after the notice of appeal; and that the order of further extension granted by a judge of this court was ineffective to extend the time for docketing and filing and that said order of extension was in violation of Rules 10 and 16 of this court.

■ It appears that the motion for extension beyond the ninety day period was filed before the expiration of the previous extension, and that the reasons for further extension were manifestly meritorious. It is within the province of the court and we do extend time in cases where it is in the interest of justice to do so. Such an extension cannot be made by a single judge except tentatively for the court and subject to its approval. In a meritorious case such as this the court may in the exercise of discretion overlook the irregularity in extending time and allow the record to be filed. It does not appear that the appellee has been prejudiced in any wise by the extension in this case, and we overrule the motion to dismiss and consider the case on its merits. Cf. Rills' Heirs v. A. Wilbert's Sons Lumber & Shingle Co., 5 Cir., 95 F.2d 289.

James Brennan, the appellant, was employed by the Board of Commissioners of the Port of New Orleans on November 7, 1919. He worked as a master mechanic until 1930 and had charge of the Dock Board's machine shop and engineering department equipment, including banana conveyors used by the Dock Board for the unloading of banana cargoes. Prior to 1916 the banana conveyors belonged to United Fruit Company. On February 16, 1916, they were purchased and taken over by the Dock Board.

In 1922 Brennan patented a device which facilitated the dumping of bananas from conveyor pockets to the dock conveyor belt and thereby avoided crushing and bruising the bananas. The Dock Board installed the device on its five banana conveyors. The conveyors have been used since that time in unloading banana cargoes from the ships of United Fruit Company and other banana importing concerns. At all times since 1916 the banana unloading machines have been used, operated, and maintained exclusively by the Dock Board. United Fruit Company had no right of control or use of the machines and, like other banana importing companies, paid the Dock Board's regular tariff charge for banana unloading.

It is admitted that the appellee is an inhabitant of New Jersey and that it maintains a regular place of business in New Orleans. Therefore, the only issue to be determined on this appeal is whether or not it committed any alleged act of infringement in the Eastern District of Louisiana within six years of the filing of the suit.

■ In passing on the plea to the jurisdiction we do not consider the question of validity of the patent. I. T. S. Rubber Co. v. United States Rubber Co., D. C., 278 F. 975, 979. To establish jurisdiction the burden of proof was on the plaintiff to show that the alleged acts of infringement had occurred in the district within the six years immediately preceding the filing of the petition. McNutt v. General Motors, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Kvos Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Zimmers v. Dodge Brothers, D.C., 21 F.2d 152; see 35 U.S.C.A. § 70; 28 U.S.C.A. § 109, Jud.Code § 48.

■ There is no contention that the United Fruit Company sold any banana unloading machines embodying the alleged patented device within the past six years. The facts show that the Dock Board owned and exclusively used and operated the machines. The fact that the Board, in the conduct of its business, used the device in unloading bananas from ships of the United Fruit Company and other banana importing companies did not, under the circumstances shown, make the company a user of the device in any statutory sense. Salvage Process Co. v. James Shewan & Sons, D. C., 26 F.2d 258.

The suit was properly dismissed. The judgment is affirmed.