## MASTERSON *v.* HERNDON.

1. All the parties against whom a joint judgment or decree is rendered must join in the writ of error or appeal, or it will be dismissed, except sufficient cause for the nonjoinder be shown.
2. In writs of error where one of the parties refused to join in the writ, the remedy was anciently by summons and severance, which barred such party from suing out the writ afterwards, and allowed the judgment to be enforced against him, while the other prosecuted the writ of error.
3. The same effect will be given by this court to the allowance of a writ of error or an appeal, when one of the parties has been notified or requested in writing to join in the writ of error or appeal, and refuses to do so.

APPEAL from the Circuit Court for the Western District of Texas; the case being thus:

Howard and others filed in the court below a bill of peace and for conveyance of pretended title to a tract of land described, against *S. A. Maverick* and J. H. Herndon, and on that bill the court decreed that the complainant " have and recover of the said *S. A. Maverick* and the said J. H. Herndon the tract of land in the bill described, and that their title to the same is hereby decreed to be free from all clouds cast thereon by the said defendants."

From this decree *Herndon* appealed. In regard to Maverick, the petition, which was signed by counsel only, and was not sworn to, was thus:

"Your petitioner *says* that his co-defendant, Maverick, refuses to prosecute this appeal with him."

*Mr. P. Phillips, for the appellees,* now objected that there was no valid appeal in the case, because the decree being a joint decree against Herndon and Maverick, Herndon alone had asked for an appeal.

*Mr. W. W. Boyce, contra.*

Mr. Justice MILLER, after stating that a careful examination of the record satisfied the court that the decree was a joint decree, and that the appeal was clearly taken by Herndon alone, delivered its opinion as follows:

It is the established doctrine of this court that in cases at

law, where the judgment is joint, all the parties against whom it is rendered must join in the writ of error; and in chancery cases, all the parties against whom a joint decree is rendered must join in the appeal, or they will be dismissed.   There are two reasons for this : 1. That the successful party may be at liberty to proceed in the enforcement of his judgment or decree against the parties who do not desire to have it reviewed.   2. That the appellate tribunal shall not be required to decide a second or third time the same question on the same record.*

In the case of *Williams* v. *Bank of the United States*,† the court says that where one of the parties refuses to join in a writ of error, it is worthy of consideration whether the other may not have remedy by summons and severance; and in the case of Todd v. Daniel,‡ it is said distinctly that such is the proper course.   This remedy is one which has fallen into disuse in modern practice, and is unfamiliar to the profession ; but it was, as we find from an examination of the books, allowed generally, when more than one person was interested jointly in a cause of action or other proceeding, and one of them refused to participate in the legal assertion of the joint rights involved in the matter.   In such case the other party issued a writ of summons, by which the one who refused to proceed was brought before the court, and if he still refused, an order or judgment of severance was made by the court, whereby the party who wished to do so could sue alone.   One of the effects of this judgment of severance was to bar the party who refused to proceed, from prosecuting the same right in another action, as the defendant could not be harassed by two separate actions on a joint obligation, or on account of the same cause of action, it being joint in its nature.§   This remedy was applied to cases

---

* Williams v. Bank of the United States, 11 Wheaton, 414; Owings v. Kincannon, 7 Peters, 399; Heirs of Wilson v. Insurance Co., 12 Id. 140.

† The case first cited, *supra*.            ‡ 16 Peters, 521.

§ Brooke's Abridgment, 238, tit. "Summons and Severance;" 2 Rolle's Abridgment, same title, 488; Archbold's Civil Pleadings, 54; Tidd's Practice, 129, 1136, 1169.

of writs of error when one of the plaintiffs refused to join in assigning errors, and in principle is no doubt as applicable to cases where there is a refusal to join in obtaining a writ of error or in an appeal. The appellant in this case seems to have been conscious that something of the kind was necessary, for it is alleged in his petition to the Circuit Court for an appeal, that Maverick refused to prosecute the appeal with him.

We do not attach importance to the technical mode of proceeding called summons and severance. We should have held this appeal good if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But the mere allegation of his refusal, in the petition of appellant, does not prove this. We think there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest. Such a proceeding would remove the objections made to permitting one to appeal without joining the other, that is, it would enable the court below to execute its decree so far as it could be executed on the party who refused to join, and it would estop that party from bringing another appeal for the same matter. The latter point is one to which this court has always attached much importance, and it has strictly adhered to the rule under which this case must be dismissed, and also to the general proposition that no decree can be appealed from which is not final in the sense of disposing of the whole matter in controversy, so far as it has been possible to adhere to it without hazarding the substantial rights of parties interested. We dismiss this appeal with the less regret, as there is still time to obtain another on proceedings not liable to the objection taken to this.

APPEAL DISMISSED.