## LEWIS et al. v. SITTEL.†

(Circuit Court of Appeals, Eighth Circuit. November 7, 1908.)

No. 2,724.

1. APPEAL AND ERROR (§ 338*) — TIME FOR IN COURT OF APPEALS OF INDIAN TERRITORY.

Six months was the time within which a writ of error or an appeal could be taken subsequent to March 3, 1905, to review a judgment of the United States Court in the Court of Appeals of the Indian Territory.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 338.*]

2. APPEAL AND ERROR (§ 322*)—INDISPENSABLE PARTIES TO, MUST BE JOINED.

All the parties to a suit or proceeding who appear from the record to have an interest in the order, judgment, or decree challenged must be made parties thereto or given notice equivalent to summons and severance before a national appellate court will proceed to a decision of the case upon the merits. A joint judgment debtor is such a party, and the writ will be dismissed in his absence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1795–1797; Dec. Dig. § 322.*]

3. APPEAL AND ERROR (§§ 329, 338*)—REFUSAL TO JOIN OMITTED PARTY THREE MONTHS AFTER EXPIRATION OF TIME TO SUE OUT WRIT SUSTAINED IN ABSENCE OF DUE DILIGENCE.

In the absence of proof of reasonable diligence to obtain the consent of a joint judgment debtor to a writ of error until more than three months after the expiration of the time to sue out the writ, *held*:

(a) The prosecution and amendment of a writ of error from the Court of Appeals of the Indian Territory to the United States court was governed by the rules and practice of the Circuit Court of Appeals of the Eighth Circuit, under Act March 3, 1895, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), subsequent to March 3, 1895, and not by chapter 40, Mansf. Dig. Ark. (chapter 17, Ind. T. Ann. St. 1899).

(b) That court was not guilty of any abuse of discretion or of committing any error of law under either the practice prescribed by the Arkansas statutes or under the rules and practice of the United States Circuit Court of Appeals by reason of its denial of the application to join the omitted debtor or of its dismissal of the writ.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 329, 338.*]

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 104 S. W. 850.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 9, 1909.

R. A. Smith, for plaintiffs in error.

Samuel A. Wilkinson, for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. On July 13, 1905, in an action pending in the United States court for the central district of the Indian Territory, a judgment was rendered that the plaintiff, Edward D. Sittel, recover of the defendants, Allen Wright, O. W. Argo, and Yancey Lewis, the possession of a certain lot of land, $425 damages, and the costs of his suit. On July 22, 1905, upon the petition of Wright and Lewis, to which Argo was not a party, a writ of error was allowed by the United States Court of Appeals in the Indian Territory to review that judgment. On May 12, 1906, Sittel moved the Court of Appeals of the Indian Territory to dismiss the writ because Argo had not been made a party to it. Wright and Lewis answered that the reason why Argo had been omitted was that he was not a resident of the Indian Territory when the writ was sued out and his residence was unknown, but that it had lately been discovered, and they and Argo prayed that he might be joined a party plaintiff in the proceeding, but the court declined to grant the application and dismissed the writ, and this ruling is assigned as error.

In the appellate courts of the United States the rule is that all the parties to a suit or proceeding, who appear from the record to have an interest in the order, judgment, or decree challenged by the appeal or writ of error, must be made parties to the proceeding or must be given a notice equivalent to summons and severance before the court will proceed to a decision of the merits of the case, and this to the end that the successful party may be at liberty to enforce his judgment, decree, or order without delay against those parties who do not desire to have it reversed, and that the appellate court may not be required to decide the same question more than once upon the same record. Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Hardee v. Wilson, 146 U. S. 179, 181, 13 Sup. Ct. 39, 36 L. Ed. 933; Davis v. Mercantile Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Gray v. Havemeyer, 3 C. C. A. 497, 505, 53 Fed. 174, 182; Farmers' Loan & Trust Co. v. McClure, 78 Fed. 211, 213, 24 C. C. A. 66, 68; Dodson v. Fletcher, 78 Fed. 214, 215, 24 C. C. A. 69, 70.

The Court of Appeals in the Indian Territory held that the time for suing out its writ of error was limited to six months after the judgment was rendered in the trial court by the Act of March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), but counsel for the plaintiffs in error argue that this was an error, and that their application to make Argo a party should have been granted and their writ should have been sustained because the time for procuring and the manner of prosecuting writs of error from that court were those prescribed by Mansfield's Digest for such writs from the Supreme Court of Arkansas, and not those which conditioned writs from the United States Circuit Court of Appeals of the Eighth Circuit to the United States Circuit Courts. The time for suing out a writ of

error from the Supreme Court of Arkansas to its subordinate courts was three years, and in case the party procuring such a writ satisfied the court, by due proof on affidavit, that the consent of a party who ought to have been joined could not have been procured by reason of his absence from the state, that court was authorized to allow the prosecution of the writ without his joinder. Mans. Dig. Ark. c. 40, §§ 1276–1281 (Ind. T. Ann. St. 1899, c. 17, §§ 778–783). The contention is that these provisions of the statutes of Arkansas fixed the time and manner of prosecuting the writ from the Court of Appeals of the Indian Territory in this case because Congress by the act of March 1, 1895, chapter 145, § 11, 28 Stat. 698, enacted that that court should have such jurisdiction, powers, and superintending control over the courts in the Indian Territory as the Supreme Court of Arkansas had over the courts of that state, and that the provisions of chapter 40 of Mansfield's Digest relating to the jurisdiction and powers of the Supreme Court of that state, to appeals and writs of error, and to the trial and decision of causes were extended over the Indian Territory so far as they were applicable. If the congressional legislation had stopped here, the position of counsel might have been tenable. But before the writ of error from the Court of Appeals in the Indian Territory was allowed in this case, the act of March 3, 1905, c. 1479, § 12, 33 Stat. 1081 (U. S. Comp. St. Supp. 1907, p. 208), had provided:

"That hereafter all appeals and writs of error shall be taken from the United States courts in the Indian Territory to the United States Court of Appeals in the Indian Territory, and from the United States Court of Appeals in the Indian Territory to the United States Circuit Court of Appeals for the Eighth Circuit in the same manner as is now provided for in cases taken by appeal or writ of error from the Circuit Courts of the United States to the Circuit Court of Appeals of the United States for the Eighth Circuit."

Counsel invoke the conceded rule that repeals by implication are not favored, and that, where sections of earlier and later acts can by any reasonable construction stand together, they must so stand (Gowen v. Harley, 56 Fed. 973, 6 C. C. A. 190), and persuasively argue that the manner of securing the writ does not include the time for securing it, and that both the time and the manner of the prosecution of writs from the Court of Appeals of the Indian Territory remained the same after as before the passage of the act of 1905. But the purpose of all construction of statutes is to ascertain and carry into effect the real intention expressed by the legislative body which originated them, and when this clearly appears from the terms of the statute technical rules and definitions may not prevail over it. The word "hereafter" in section 12 of the act of 1905 strongly indicates the purpose of the Congress to provide that after the passage of that act appeals and writs of error should be taken and prosecuted in a different manner from that in which they had been sued out and carried on prior to that time. Under the former practice defeated parties were permitted to obtain writs from the Court of Appeals of the Indian Territory at any time within three years after judgments in the trial courts against them, and writs from this court at any time within six months after judgments of the Court of Appeals of the Indian Territory

against them, so that, when to these possible delays was added the necessary time which courts ought to take to carefully examine and rightly decide important cases, more than three years after the date of the judgment of the trial court might be consumed lawfully in reaching a final judgment. The power of a disappointed litigant to secure so long a delay had become a crying evil, and in many cases had resulted in a practical denial of justice. It is true that the act of 1905 provided only that writs of error from the Court of Appeals in the Indian Territory should be taken in the same manner as they were then taken from the Circuit Court of Appeals of the Eighth Circuit to the Circuit Courts, and that it contained no mention of time. But the word "manner" has various meanings. It signifies the mode of proceeding in any case or situation, the method by which a desired result is obtained, and its purport is broad enough to include all the limitations of time as well as of form by which writs of error from this court to the Circuit Courts were conditioned. One of these limitations was that the writ must be sued out within six months after the rendition of the judgment in the trial court (Act March 3, 1891, c. 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), and in view of the unnecessary delay of litigation and of the injustice which the Arkansas practice entailed, of the broad signification of the word "manner" and of the manifest purpose to make a substantial change in the practice, the conclusion is that the intention of Congress in the enactment of the statute of March 3, 1905, and the legal effect of that act, were to conform both the time for and the practice in the prosecution of writs of error from the Court of Appeals of the Indian Territory to those which were then applicable to the taking and prosecution of writs of error from this court to the Circuit Courts of the United States. It is unnecessary to hold that the effect of the act of 1905 was to repeal any part of the act of 1895, and that is not this decision. The legal effect of this conclusion is not that the provisions of the act of 1895 were repealed, but that they remained applicable to appeals and writs of error taken before March 3, 1905, but were rendered inapplicable to those thereafter secured. The result is that the time within which the writ of error from the Court of Appeals of the Indian Territory could be lawfully taken in this case was six months after the judgment in the trial court. And when that time expired Argo, who was an indispensable plaintiff in error, had not been made a party to the proceeding below.

But counsel present another contention. They argue that although the time to sue out the writ had expired, yet when Argo and the two plaintiffs in error named in the writ applied to the Court of Appeals of the Indian Territory to permit him to become a party to the proceeding, that court had the power, and it was its duty, to grant the application and to proceed to hear the case upon its·merits. They say that the provisions of chapter 40 of Mansfield's Digest prescribed the power and duty of that court, and that if they did not, and if these were the same as those conferred and imposed upon this court under similar circumstances, the plaintiffs in error were in either case entitled to the relief they sought. Conceding, without deciding, that the Court

of Appeals of the Indian Territory had the power here claimed, neither of the plaintiffs in error had any absolute legal right to the joinder of Argo after the expiration of the time fixed for suing out the writ. Their application to the court was not for the enforcement of a right; it was an application to the discretion of that court to permit them to amend their writ, and the denial of that application is reviewable here for an abuse of discretion only. The Arkansas statute itself, upon which counsel chiefly rely, provides that if any persons living against whom a judgment has been rendered are omitted from the writ of error sued out to challenge it the writ shall be dismissed unless one or more of such persons be allowed by the court to proceed (chapter 40, § 1280), but that, if the parties prosecuting the writ satisfy the court by due proof on affidavit that the consent of the omitted party could not be had by reason of his absence from the state, the prosecuting parties may be allowed to proceed without joining him (section 1281). The writ in this case was sued out on July 22, 1905. The six months expired on January 22, 1906. The first application to make Argo a party was made on May 12, 1906, and the only proof offered to sustain it was the affidavit of Lewis and Wright that Argo "was at the time of the trial, and of the rendition of the judgment, and of the filing of the petition for writ of error, and of the allowance of the writ of error, and of the issuance of the citation, and is not a resident of the Indian Territory so that his consent at such time to join in said writ of error could not be obtained; his residence at all such dates being to the said Allen Wright and to the said Yancey Lewis unknown, and that lately the residence of said Argo has been discovered, and his consent to join in this proceeding by writ of error has been obtained." There was no proof or statement that Argo was or had been absent from the state, or that any endeavor had been made to find him, or that he could not have been readily found and his consent or refusal to join in the writ procured at any time between July 22, 1905, when the writ was sued out, and "lately"—whenever that may have been. The Arkansas statute authorized the maintenance of the writ in the absence of a necessary party only when the court was satisfied by due proof on affidavit that his consent could not be had by reason of his absence from the state. The proof here presented fails to satisfy that the consent of Argo to join in that writ could not have been obtained within the six months after the judgment by reason of his absence from the Indian Territory. It undoubtedly in the same way failed to satisfy the Court of Appeals of the Indian Territory. The prosecution and amendment of the writ were not governed by this statute of Arkansas, but by the rules and practice of this court in such cases by virtue of the act of March 3, 1905; but the rules and practice of this court were not more favorable to the plaintiffs in error than the Arkansas statute (Dodson v. Fletcher, 79 Fed. 129, 24 C. C. A. 466), and under neither that statute nor the rules and practice of this court was the Court of Appeals of the Indian Territory guilty of any abuse of discretion or of committing any error of law, either in its refusal to permit Argo to be made a party to the writ, or in dismissing it.

Nevertheless the merits of the case have been carefully examined,

and there was in our opinion no prejudicial error in its conduct or trial, and on that ground also the judgment should not be reversed.

The judgment of the Court of Appeals of the Indian Territory must therefore be affirmed, and it is so ordered.

HOOK, Circuit Judge, concurs with the affirmance on the merits.