CITY OF DETROIT et al. v. GUARANTY TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Sixth Circuit. March 17, 1909.)

No. 1,851.

APPEAL AND ERROR (§ 324*) — NECESSARY PARTIES—SUMMONS AND SEVERANCE—
    EQUIVALENT PROCEEDINGS.

    It is essential to the maintenance of an appeal from an order granting
    a preliminary injunction that a party directly affected by such order
    should be made a party to the appeal, or detached by summons and severance, or equivalent proceedings; and it is not sufficient that the appeal was
    allowed in open court, unless the record shows that such party was in
    fact present and had actual notice.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1806–
    1809; Dec. Dig. § 324.*]

Appeal from the Circuit Court of the United States for the Eastern District of Michigan.

Otto Kirchner and P. J. M. Halley, for appellants.
E. G. Stevenson and Brainard Tolles, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

COCHRAN, District Judge. This is an appeal from an interlocutory order granting a preliminary injunction. The suit in the lower court, in which it was made, was brought by the appellee, Guaranty Trust Company of New York, against the appellants, city of Detroit, William B. Thompson, Timothy E. Tarsney, Patrick J. M. Halley, George T. Gaston, the Detroit Legal News Company, the Evening News Association, and the Detroit United Railway. At that time, William B. Thompson was mayor, Timothy E. Tarsney and Patrick J. M. Halley were, respectively, corporation and assistant corporation counsel, and George T. Gaston was city clerk, of the city of Detroit, and the Detroit Legal News Company and the Evening News Association were publishers of papers in which the ordinances of the city of Detroit were officially published. The other defendant to the suit, the Detroit United Railway, operated a line of street railroad in that city. The plaintiff therein, Guaranty Trust Company of New York, appellee here, was trustee in a mortgage made by the Detroit United Railway on its line of railroad and other property to secure certain bonds issued by it.

The suit was brought March 3, 1908, and the relief sought was an injunction to prevent the publication of an ordinance passed by the common council of that city on that date, it being the duty of the city clerk to cause same to be published in the official papers, the enforcement or the taking of any steps looking to the enforcement of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

provisions thereof, and, in the event of its publication, the commission by the railway of any act that might or could be construed as an acceptance of the ordinance, and, in particular, the operation by it of cars over certain specified portions of its line, which by the terms of the ordinance amounted to an acceptance thereof. The right to this relief was based upon the claim that the ordinance, within the meaning of section 10, art. 1, of the Constitution of the United States, impaired the contract rights of the railway with the city covered by the mortgage, and was beyond the powers of the common council.

In previous litigation between the city of Detroit and the Detroit Citizens' Street Railway Company, predecessor in title of the Detroit United Railway, carried to the Supreme Court of the United States, it was held that by virtue of an ordinance, enacted November 14, 1879, that railway company had a contract with the city as to the fares it might charge for 30 years from that date, and that an ordinance adopted in 1899, attempting to reduce the fares thus fixed, was invalid as an impairment of the obligation of that contract. This was so held in the case of Detroit v. Detroit Citizens' Street Railway Company, 184 U. S. 368, 22 Sup. Ct. 410, 46 L. Ed. 592. After this litigation had terminated, and the Detroit United Railway had acquired the rights of the Detroit Citizens' Street Railway Company, it was claimed on behalf of the city that certain comparatively small portions of its line, the same above referred to, were not covered by that contract, and that the right to operate over those portions thereof had expired.

In this condition of things, the ordinance of March 3, 1908, was enacted. This ordinance provided, amongst other things, that, if any street railway company in the city of Detroit should operate any street car on any street in the whole or any part of which its right to operate cars had expired, it should operate all of its cars over the whole of the line or route of which that street was a part upon certain terms as to fares, making them considerably less than those fixed by the contract referred to, and that the operation of a single car by such company on any street over that portion where its right to operate street cars had expired should constitute an acceptance by it of those terms. As the Detroit United Railway was the only company operating a street car line in the city, the ordinance applied to it, and to it alone. It was the publication and enforcement and the doing of any act that might or could be construed as an acceptance of this ordinance that was sought to be enjoined.

A temporary restraining order was granted immediately upon the filing of the bill, and, after hearing on April 14, 1908, the preliminary injunction was granted. By it the defendants, except the Detroit United Railway, appellants here, were restrained, pending the final hearing of the cause, from publishing or enforcing said ordinance, and the defendant Detroit United Railway from doing any act or thing that would directly or indirectly constitute an acceptance thereof.

A motion has been made to dismiss the appeal, and, as we think it is well taken, there is no other question to be considered by us. The ground of the motion is that the Detroit United Railway is not a party to the appeal, and since the granting of the preliminary injunction has not been detached from the litigation here by summons and severance,

168 F.—39

or what is equivalent thereto. There can be no question that it is essential to the maintenance of the appeal that either the railway should be a party thereto or should have been so detached. It will appear as we proceed that, in the absence of summons and severance, it could not have been detached, except by its own act or neglect. That it should be here or should have been so detached is because it has a direct interest in each part of the preliminary injunction, that part which restrains the publication and enforcement of the ordinance, as well as that part which restrains it from doing any act or thing that would constitute an acceptance of it, and in the disposition to be made thereof by this court. Concerning the necessity of such being the case with a mortgagor, where there has been a decree of foreclosure and a confirmation of a sale had thereunder, and an appeal has been taken therefrom, Mr. Justice Brewer had this to say in the case of Davis v. Mercantile Trust Company, 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563:

"The setting aside of one sale and the ordering of another may affect prejudicially or beneficially his interests, and because of that he has a right to be heard upon the question of setting it aside."

And, further:

"It is not necessary in any given case to determine that his interests would or would not be promoted by the setting aside of the decree. It is enough that in that matter he has a direct interest, and because of this interest common justice requires that no change shall be made in the terms of that decree, nor shall it be set aside, without giving him a chance to be heard in its defense."

The railway is not a party to the appeal. This is certain. It did not join in the petition for the allowance of the appeal, or in any other way join in the appeal. The citation and bond given upon the allowance of the appeal ran to the plaintiff below, appellee here, the Guaranty Trust Company of New York, and to it alone. The sole possible question is as to whether, after the granting of the preliminary injunction, it was detached from the litigation here. It was not detached by summons and severance. Was it detached by their equivalent?

Before answering this question, we would note what the Supreme Court has said is equivalent to summons and severance. In the case of Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953, Mr. Justice Miller said:

"We should have held appeal good if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But the mere allegation of his refusal in the petition of appellants does not prove this. We think there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it as to his own interest."

In the case of Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 76, Mr. Justice Gray said:

"This could only be shown by a summons and severance, or by some equivalent proceeding such as a request to the other defendants and their refusal to join in the appeal, or at least a notice to them to appear and their failure to do so; and this must be evident upon the record of the cause appealed from in order to enable the party prevailing in that court to enforce his decree against those who do not wish to have it reviewed and to prevent him and the appellate court from being vexed by successive appeals in the same matter."

In the case of Beardsley v. Arkansas & Louisiana Railway Company, 158 U. S. 123, 15 Sup. Ct. 786, 39 L. Ed. 919, Mr. Chief Justice Fuller said:

"This appeal was taken by John D. Beardsley alone, and there is nothing in the record to show that his codefendants were applied to and refused to appeal, nor was any order entered by the court on notice granting a separate appeal to John D. Beardsley in respect of his own interest. The appeal cannot be sustained."

And in the case of Winters v. United States, 207 U. S. 564, 28 Sup. Ct. 207, 52 L. Ed. 340, Mr. Justice McKenna said:

"The rule which requires the parties to a judgment or decree to join in an appeal or writ of error, or be detached from the right by some proper proceeding or by their renunciation, is firmly established."

According to this last statement, the equivalent of the proper proceeding is what may be properly characterized as a "renunciation." These quotations, we think, justify us in taking the position that, in order that one who has the right to appeal from a decree along with others may be detached from such right, it is essential, at least, that he should have had an actual opportunity to have availed himself thereof, and that fact must be shown by the record of the court rendering the decree, so that it may be said that his not being a party to the taking of the appeal is due to his own act in refusing to unite in its taking or his neglect in not doing so. In the case of Johnson v. Trust Company, 104 Fed. 174, 43 C. C. A. 458, Judge Sanborn said:

"This appeal was taken by and allowed to the appellant alone, in open court, in the presence of the parties, at the same time that the decree was rendered, and all the parties to the suit have appeared by counsel in this court upon the appeal. These facts constitute sufficient evidence that the defendants to this suit who did not join in it had notice of the appeal and declined to join, and, as all the parties to the suit are now represented by counsel in this court, the motion to dismiss the appeal is denied.".

According to this it would seem that it is sufficient that the nonjoining party was present in court at the time the appeal was allowed. That the presence here referred to is an actual and not a constructive presence is evident from the statement of the case by Judge Sanborn, where it is said that the appeal was prayed and allowed "in open court and in the presence of all the parties to the suit." If this is sufficient, and we will not say that it is not, such is the irreducible minimum of what may be the equivalent of summons and severance to detach one from his right of appeal.

We are now prepared to answer the question as to whether the Detroit United Railway has been detached from the right to unite with the appellants in the taking of the appeal, assuming, for the sake of the argument, that it had such right. It is not claimed that the record shows that it had any actual notice that the appeal was to be taken, or that it refused or failed after such notice to unite in its taking. Nor is it claimed that it was actually present at the time the appeal was taken, and in this way had an opportunity to unite in the appeal, and did not avail itself thereof. The sole thing relied on as effecting its detachment is the fact that the record of the lower court shows that the petition for the allowance of the appeal was filed and the allowance

made in open court, and that, therefore, it had constructive notice that the appeal was allowed.

We have failed to find any decision of the Supreme Court, nor has a decision of any other court been furnished us, holding that such constructive notice is sufficient; and it would seem to be negatived that it was by the language used in the above quotations from certain decisions of the Supreme Court. All that is relied on by appellants is the holding that where such is the case—that is, where the appeal is prayed and allowed in open court—no citation is required; the constructive notice which the other party has of the allowance of the appeal being sufficient notice to him of the pendency of the appeal. It is so held in the cases cited on behalf of appellants, to wit: Seymour v. Freer, 5 Wall. 822, 18 L. Ed. 564; Sage v. Central Railway Company, 96 U. S. 712, 24 L. Ed. 641; First National Bank v. Omaha, 96 U. S. 737, 24 L. Ed. 881; Chicago Railroad v. Blair, 100 U. S. 661, 25 L. Ed. 587; Dodge v. Knowles, 114 U. S. 430, 5 Sup. Ct. 1197, 29 L. Ed. 144; Hewitt v. Filbert, 116 U. S. 142, 6 Sup. Ct. 319, 29 L. Ed. 581.

These cases are limited, however, to the necessity of a citation, and no case has been cited, nor have we been able to find any, where this doctrine has been applied to the matter of detaching a party from his right of appeal. Indeed, it is not to be expected that it would be. The regular procedure of summons and severance involves actual notice, and for any other course to be its equivalent it must also involve such notice.

But it may be said that the interest of the railway was not against the order granting the preliminary injunction, but in having it stand, and that, therefore, it had no right to appeal therefrom, or to unite with appellants in the appeal they took, and there was nothing from which it could be detached. We do not find it necessary to consider and determine this position. All that follows from it, if it be correct, is that the railway should have been made a respondent to the appeal. However it may have been, had not the citation and bond run to the appellee, Guaranty Trust Company, alone, as they do, there is no possible room for the appellants to claim that the railway is here as a respondent to the appeal. Appellants have ignored the railway entirely. They have treated it as if it had no interest in the order appealed from. It has not appeared here, and it is by no act or neglect on its part that it is not here.

The motion to dismiss is sustained.