IRETON et al. v. PENNSYLVANIA CO.

(Circuit Court of Appeals, Sixth Circuit. February 7, 1911.)

No. 2,063.

1. APPEAL AND ERROR (§§ 731, 733*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.
An assignment of error that the verdict or the judgment is contrary to law is not reviewable, when it does not specify the errors complained of, as required by Circuit Court of Appeals Rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3017–3021, 3025–3027; Dec. Dig. §§ 731, 733.*]

2. APPEAL AND ERROR (§ 1078*)—ASSIGNMENTS OF ERROR—WAIVER.
Errors not pointed out or discussed in plaintiff in error's brief will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4256–4261; Dec. Dig. § 1078.*]

3. REMOVAL OF CAUSES (§ 51*)—SEPARABLE CONTROVERSY.
A railway company sued for negligently setting a fire had a separable controversy removable to the federal court, where the required diversity of citizenship existed, unaffected by the joinder as defendants of insurance companies, which raised no issue with the railway company, being present merely to claim by subrogation a share of any recovery.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 101; Dec. Dig. § 51.*

Removal of causes, separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

4. APPEAL AND ERROR (§ 324*)—NECESSARY PARTIES.
A writ of error by plaintiff and one defendant to review a judgment for the principal defendant cannot be sustained, when there is nothing to show a summons and severance of other defendants who were parties to the controversy.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1806–1809; Dec. Dig. § 324.*]

5. APPEAL AND ERROR (§ 719*)—RECORD—ASSIGNMENT OF ERRORS—SUFFICIENCY.
Nothing is presented for review by a record, in the absence of an assignment of error, where there is no bill of exceptions, and nothing but the record showing that there was a trial, verdict, and judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action by Thomas E. Ireton against the Pennsylvania Company and others. From a judgment for defendant Pennsylvania Company, plaintiff and defendant Allemania Fire Insurance Company bring error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Orville S. Brumback (Clem V. Hoke, of counsel), for plaintiffs in error.

Wheeler & Bentley and Marshall & Fraser, for defendants in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and DENISON, District Judge.

SEVERENS, Circuit Judge. The plaintiff commenced this action in the court of common pleas for the county of Van Wert, state of Ohio, against the Pennsylvania Company to recover damages suffered from a fire caused by the alleged negligence of the defendant in the operation of its railroad on its line adjacent to a lot of the plaintiff's on which were an elevator, warehouse, and other buildings and a large quantity of personal property consisting of machinery, grain, flour, and other items, which it is alleged were destroyed by fire. The negligence complained of was the emitting of sparks from a locomotive engine which were blown over the buildings and set them on fire.

The plaintiff joined also as defendants some 14 insurance companies who had issued policies on the property destroyed. In the petition, having stated its cause of action against the Pennsylvania Company, the ground on which the insurance companies were joined is stated as follows:

"Each of the defendants other than said Pennsylvania Company is and then was an insurance company duly incorporated, doing business in Ohio, and had insurance on some part of said property so consumed or damaged and paid a claim of plaintiffs on account of the loss of the property so insured, and, as plaintiffs are informed, makes the claim that it is subrogated to some of the rights of plaintiffs herein.

"Wherefore plaintiffs pray that each of the defendant insurance companies be required to set up whatever interest it claims or be barred from claiming any part of the recovery herein."

The answer of the Pennsylvania Company denies the allegation of negligence contained in the petition. The defendant insurance companies filed answers which were all alike and of which that of the Allemania Fire Insurance Company is a sample. It is here reproduced:

"This answering defendant avers that by the provisions of said policy and contract of insurance, and by such payment to plaintiffs, it was to and did become subrogated to the right of plaintiffs, in such loss and damage, to the extent of such payment. It avers that it is still the owner of said subrogated right and interest.

"Wherefore this answering defendant prays, if plaintiffs recover in this suit from the defendant Pennsylvania Company, that the court will make such order as will protect its rights herein against plaintiffs, and for all proper relief."

The Pennsylvania Company filed in the state court a petition for removal of the cause into the Circuit Court of the United States for the Northern District of Ohio on the ground that it had a separable controversy with the plaintiffs in the suit which could be determined without the presence of the other defendants. The case was removed, and, on the filing of the transcript in the Circuit Court of the United States, the plaintiffs to the action and the Allemania Fire Insurance Company made separate motions to remand the case to the state court, because, as was alleged, the Circuit Court had no jurisdiction of the

case on the ground of diverse citizenship; but the motions were denied. The case was brought on for trial before a jury and resulted in a verdict in favor of the defendants whereupon a judgment was entered in the following form:

"The court coming now to enter final judgment in this cause, it is ordered, adjudged, and decreed that the petition of the plaintiffs, and the answers and cross-petitions of the several insurance companies herein, be and are hereby dismissed; and that the defendant the Pennsylvania Company have and recover of the plaintiffs the costs of this action, save and except the costs made up on the several answers and cross-petitions of the defendant insurance companies. As to said latter costs it is ordered, adjudged, and decreed that said the Pennsylvania Company have and recover of each of said insurance companies, respectively, the costs made upon its answer and cross-petition. To which judgment of the court the plaintiffs and the said insurance companies each respectively duly excepted."

The plaintiffs and the Allemania Fire Insurance Company joined in suing out this writ of error. The sole ground alleged against the validity of the judgment is that the case was improperly removed from the state court. Aside from the assignments of error raising this question, there are two others, which are that the verdict is contrary to law, and also that the judgment is contrary to law. These we shall not consider, first, because neither of them specifically points out the error complained of as required by rule 11 (150 Fed. xxvii, 79 C. C. A. xxvii) of the rules prescribed for the Circuit Court of Appeals, and also because counsel for the plaintiff in error have not in their brief pointed out or discussed any particular error other than that relating to the removal of the cause. Besides, there are no facts incorporated in the record upon which these assignments of error could be considered. The question concerning the removal is somewhat complicated by the regulations made by the Code of the state in the form of remedies and pleadings. In states where similar Codes have been adopted it has, in a number of cases, been held by state courts, and federal courts sitting in those states, that insurance companies which are entitled by right of subrogation to participate in the expected recovery might be joined as parties to the action. In several of such cases it seems to be thought that they might properly be joined as plaintiffs for the purpose of prosecuting the action. We have no occasion to call in question the propriety of such decisions, for, in the present case, the insurance companies have not made themselves parties to the issue between the plaintiff and the defendant the Pennsylvania Company, but in their answer content themselves with assuming a waiting attitude for the purpose of claiming the proceeds which might be adjudged to the plaintiff, or such part of the proceeds as they might severally claim. They raised no issue with the Pennsylvania Company, but left the issue between the plaintiff and that company to be litigated between themselves. They did not put themselves in a position to be recognized for the purpose of making proofs in regard to that controversy or as having the right of a litigant with reference to it.

In the light of these conditions, we think that the court below was right in its conclusion that the Pennsylvania Company had a separable controversy with the plaintiffs which it might remove for trial to the federal court. The requisite diversity of citizenship existed. So far

as that controversy was concerned, the insurance companies were only formal parties to the principal controversy, and were present for the sole purpose of obtaining the fruits of the litigation if any should be recovered, and whether they were nominally plaintiffs or defendants would be unimportant. They had no controversy and no issue with the defendant. Moreover, if those companies were to be recognized as real parties to the controversy between the plaintiffs and the Pennsylvania Company, such recognition would be fatal to the writ of error. Only the plaintiffs and the Allemania Company have joined in this writ, and there is nothing in the record to show a summons and severance of the other insurance companies. Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Simpson v. Greely, 20 Wall. 152, 22 L. Ed. 338; Estes v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Beardsley v. Railway Co., 158 U. S. 123, 15 Sup. Ct. 786, 39 L. Ed. 919. And see Mercantile Trust Co. v. Kanawha & O. Ry. Co., 58 Fed. 6, 7 C. C. A. 3, a case decided by this court.

We are precluded from following the case through the trial for the purpose of inquiring for other possible errors. There is no bill of exceptions, and there is nothing but the bare record showing that there was a trial, a verdict, and a judgment. Therefore nothing appears of which we might possibly take notice in the absence of an assignment of error.

The judgment must be affirmed, with costs.