TURK et al. v. ILLINOIS CENT. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit.   November 4, 1914.)

No. 2493.

1. COURTS (§ 405*)—CIRCUIT COURT OF APPEALS—DETERMINATION OF JURISDICTIONAL QUESTIONS.

Where, in proceedings in error to review a judgment of a District Court, the assignments of error cover not only the question of the jurisdiction of the District Court, but also questions on the merits, thus giving the Circuit Court of Appeals jurisdiction, such jurisdiction is not lost by the failure of plaintiff in error to argue the questions on the merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101 1103;  Dec. Dig. § 405.*]

2. COURTS (§ 272*)—JURISDICTION OF FEDERAL COURTS—DIVERSE CITIZENSHIP —DISTRICT OF SUIT.

To authorize the bringing of a suit in a federal court on the ground of diverse citizenship, all of the plaintiffs or all of the defendants must be residents of the district.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811;  Dec. Dig. § 272.*

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249;  Mason v. Dullagham, 27 C. C. A. 298.]

3. REMOVAL OF CAUSES (§ 11*)—RIGHT OF REMOVAL—RESTRICTION AS TO DISTRICT IN WHICH SUIT MIGHT HAVE BEEN BROUGHT.

A cause is not removable unless it could have been originally brought in the federal court into which it is sought to be removed.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 29 · 31;  Dec. Dig. § 11.*]

4. REMOVAL OF CAUSES (§ 29*)—DIVERSITY OF CITIZENSHIP—STATUS OF PARTIES.

The question of a plaintiff's rightful status as a party in an action at law for the purpose of determining the right of removal is to be determined by the law of the state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 69, 72, 74;  Dec. Dig. § 29.*]

5. REMOVAL OF CAUSES (§ 31*) — DIVERSITY OF CITIZENSHIP — JOINDER OF PLAINTIFFS.

Under Civ. Code Prac. §§ 18, 24, which provide that every action must be prosecuted in the name of the real party in interest and that parties who are united in interest must be joined as plaintiffs or defendants, in an action to recover for damage to property by fire alleged to have been caused by the negligence of defendant, where a part of the loss was covered by insurance, which has been paid, the owner and insurer may join as plaintiffs, and in such case for the purposes of federal jurisdiction the insurer is not merely a formal or nominal, but a real and substantial, party, and must be treated as such in determining the right to remove the cause into a federal court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 71;  Dec. Dig. § 31.*]

In Error to the District Court of the United States for the Western District of Kentucky;  Walter Evans, Judge.

Action at law by J. W. Turk individually, the Insurance Company of North America, and J. W. Turk, for the use of the Insurance Com-

pany, against the Illinois Central Railroad Company and the Chicago, St. Louis & New Orleans Railroad Company. Judgment for defendants, and plaintiffs bring error. Reversed.

J. S. Laurent, of Louisville, Ky., for plaintiffs in error.

E. F. Trabue, of Louisville, Ky., for defendants in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. [1] The only question argued is whether the court below acquired jurisdiction through removal proceedings from the state court, and a record which presents only that question must be reviewed by the Supreme Court; but the assignments of error also involve the ultimate merits, so giving this court jurisdiction over both questions (Phillips Co. v. Railway, 195 Fed. 12, 15, 115 C. C. A. 94); and we think the jurisdiction so acquired is not lost by a failure to argue the merits, nor by the fact that we do not find the nonjurisdictional assignments to be vital.

The claim is that property belonging to Turk was damaged in the amount of about $6,700 by fire due to the negligence of the railroads. To the extent of about $4,200, his loss was covered by a policy in the Insurance Company, and it had paid that amount to him. This action was brought in a state court of Kentucky to recover from the railroads the full amount of the fire loss, and the declaration named as plaintiffs the Insurance Company, Turk in his own right and Turk, individually and as trustee for the Insurance Company. The Insurance Company was a citizen of New York; Turk was a citizen of Kentucky; the defendant the Illinois Central Company was a citizen of Illinois; and the defendant the Chicago, St. Louis & New Orleans Company was a citizen of Kentucky. The latter company was made defendant because it was the lessor owning the railroad, through the negligent operation of which by the Illinois Central Company, as lessee, the loss was charged to have occurred. The Illinois Central removed the case to the court below, alleging that the lessor railroad had been joined as a defendant only with the fraudulent purpose of defeating the right of removal, and alleging that the Insurance Company was not a necessary or proper plaintiff. In the court below, the plaintiffs moved to remand for the reasons: First, that the Insurance Company was properly joined as plaintiff, and therefore the western district of Kentucky was not the district in which the plaintiffs resided; and, second, that the joinder of the Kentucky corporation as defendant was rightful. The court below overruled the motion to remand, and, upon the eventual trial on the merits, instructed a verdict for defendants. Both the overruling of the motion and the directing of the verdict are assigned as error.

[2-4] It must be taken as decided that, if the Insurance Company is to be treated as a party plaintiff, the case could not have been brought in the court below, because that was not the district of residence of all the defendants or of all the plaintiffs (Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635); that the case, over the seasonable objection of plaintiffs, could not be removed to the court below, if it

could not have been brought there (Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264; In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164); and that when removed from a state court, in a case at law, the question of the plaintiff's rightful status is to be determined by the law of the state (Thompson v. Railroad, 73 U. S. [6 Wall.] 134, 138, 18 L. Ed. 765).

[5] The Kentucky Code provides (section 18) that "every action must be prosecuted in the name of the real party in interest," and (section 24) that "parties who are united in interest must be joined as plaintiffs or defendants." The Code also abolishes the distinction between actions at law and in equity.

We will get a clearer approach by first considering whether, when the insurer has paid the entire loss and so has been subrogated to the whole of the insured's cause of action for negligence, it can itself bring an action. We find no Kentucky decision covering this question. The same situation was before us in a case from Ohio, in Travelers' Co. v. Great Lakes Co., 184 Fed. 432, 107 C. C. A. 20, 36 L. R. A. (N. S.) 60. The controlling provisions of the Ohio Code were, apparently, the same as those of Kentucky, and we reached the conclusion, after a review of the authorities, that the insurer can maintain such an action in his own name. We see no reason why the same rule should not prevail in Kentucky, and, accordingly, we must assume that if the Insurance Company, plaintiff here, had been liable for and had paid the whole loss, it could have maintained this suit in its own name and without joining Turk as a party.

It is equally clear that the Insurance Company could not have brought a separate action to recover its separate portion of the entire loss. This results from that rule of necessity which forbids the splitting of a cause of action (see cases cited in Travelers' Co. v. Great Lakes Co., supra).

The present case is not within either of these principles. The Insurance Company is not seeking to do the thing which would be clearly right nor the thing which is clearly forbidden. It propounds only its right to demand that it may be a joint party plaintiff. It seems entirely reasonable that it should have that right. It is unquestionably the beneficial owner of a part of the cause of action; it is, in a very fair sense, pro tanto, the "real party in interest;" and, certainly in equity, and therefore in the action which was brought in the Kentucky court and in which distinctions between law and equity were unknown, the defendants could exonerate themselves by discharge from the Insurance Company, as far as its interest went. If, before the fire, the Insurance Company had been the owner of a $4,200 interest in the property destroyed, a corresponding fraction of the cause of action against the railroads would have accrued to it, and it unquestionably could have joined with Turk as plaintiff. It is difficult to see why, under the rule of the Kentucky Code, it should not have the same right when the same fractional cause of action accrues to it in another way. So, also, it is hard to believe that an insurer, who beneficially owns nine-tenths of the cause of action, must stand helplessly by, and see its rights sacrificed by mismanagement of the suit or by imprudent com-

promise on the part of the insured; in a court of equity—and in an action under the Code—such an insurer would seem to have at least as much right to be upon the record and to control the action as has the insured with a comparatively nominal beneficial interest. For these reasons, we must think, unless the weight of authority is to the contrary, that the Insurance Company was a real, substantial, and rightful party.

In spite of this conclusion, it must be conceded that the insurer is not, in such case, an indispensable party, as the Kentucky Code is interpreted by the Court of Appeals of that state. In Railroad v. Hicklin, 131 Ky. 624, 115 S. W. 752, 23 L. R. A. (N. S.) 870, it appeared that the entire loss for which plaintiff sued had been covered by insurance which had been paid to the plaintiff, and the defendant pleaded that the right of action was thereby gone from plaintiff and vested in the insurer, so that the plaintiff could not maintain the action. The court overruled this plea, holding that, as between the owner of the property and the defendant, the wrongdoer, the plaintiff was the real party in interest, and that it was no concern of the defendant what the equities were between the plaintiff and the insurer. In its opinion, the court undoubtedly used language broad enough to indicate that the insurer had no right of action and could have maintained no suit in its own name; but that point was not before the court, and we cannot assume that it was intended to be decided. In that case, the insurance company was apparently acquiescing in the suit which the plaintiff brought, and was content that plaintiff should act as trustee for it. There is no inconsistency in holding that a right of action may be prosecuted in the name of the sole legal owner, even though some one else owns the entire beneficial interest, if the beneficial owner consents or acquiesces, and that, in such case, the defendant cannot be heard to complain, and at the same time holding that the beneficial owner may, if he chooses, sue in his own name. Reading the whole opinion and with due regard to the authorities upon which it seems to depend, we think it is not to be taken as deciding more than that, in such a case, and, a fortiori, in the present case, the insurer is not an indispensable party.[1]

On the other hand, it seems clear enough that the insurance company, in case of partial insurance, is not that merely formal or nominal party whose presence on the record, while quite proper, has been held immaterial on the question of federal jurisdiction—like a mere stakeholder, an agent whose principal is also a party, etc. Wood v. Davis, 18 How. 467, 15 L. Ed. 460; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3, 27 L. Ed. 69; Construction Co. v. Simon (C. C. Ohio) 53 Fed 1. If this action is successful, the insurance company will get $4,200. If the

---

[1] The collection and discussion of decisions from the Code states, found in 30 Cyc. and referred to in the Hicklin Case by the Kentucky court, make it clear that there is practical unanimity in holding at least that the insurer may join with the insured as plaintiffs, and make it unlikely that the court intended to deny that right. This idea is confirmed by the tacit approval of actions so brought in Greenwich Co. v. Railroad, 112 Ky. 598, 66 S. W. 411, 67 S. W. 16, 56 L. R. A. 477, 99 Am. St. Rep. 313; Railroad v. Home Ins. Co., 146 Ky. 281, 142 S. W. 398; and Railroad v. Hamburg Ins. Co., 152 Ky. 510, 153 S. W. 745.

action fails, it will get nothing from anybody. It is not permissible to call such an interest "merely nominal."

We have, then, a party which has a real and substantial interest in its own right and which at its own demand has rightfully become a party to the record, and yet whose interest is such that, unless it moves affirmatively, the entire controversy could be finally decided in its absence. Is such a party one whose residence will determine the federal jurisdiction?

We find no ruling in point, in the Supreme Court nor in this court. New Orleans v. Gaines' Adm'r, 138 U. S. 595, 11 Sup. Ct. 428, 34 L. Ed. 1102, has only an indirect bearing. It is to the effect that, where a party acquires rights by subrogation, it is his own citizenship, and not the citizenship of the party through whom the rights come, that is important. This court said in Pittsburgh Ry. v. Baltimore Ry., 61 Fed. 705, 712, 10 C. C. A. 20, that the citizenship of one who was a proper, even though not a necessary, party, would control the jurisdiction; but it is quite clear that the word "necessary" was there used in the sense of "indispensable," and that "proper" was used as meaning more than "permissible." The party of whom the court was speaking had such an interest in one branch of the controversy that its rights therein could not have been finally determined without its presence on the record. In that sense, the party was "necessary"; and so the case is clearly distinguishable from the present one. In Ireton v. Railroad, 185 Fed. 84, 86, 107 C. C. A. 304, this court found it unnecessary to consider the present question.

The immateriality of the citizenship of such a party as the Insurance Company is has been affirmed by the District Courts of Indiana (Over v. Lake Erie Co. [C. C.] 63 Fed. 34) and of the Western district of Kentucky (Turk v. Ill. Cent. Co. [D. C.] 193 Fed. 252). Both of these opinions stand upon argument necessarily leading to the conclusion that the insurer who had paid the entire loss could not sue in its own name, and would not have even an equitable right of action against the wrongdoer, and for the reasons stated in the Great Lakes Case, we think that is not the law under the Kentucky Code. On the other hand, the contrary result has been reached by the District Courts in Montana (Gaugler v. Railroad, 197 Fed. 79) and the Western district of Washington (Palmer v. Railroad, 208 Fed. 666) upon reasoning which we feel bound to approve.[2] The apprehension that the rightful jurisdiction of the federal courts may be defeated by assignments of a trifling interest in the cause of action is sufficiently met by what is said in New Orleans v. Gaines, supra, 138 U. S. at page 606, 11 Sup. Ct. 428, 34 L. Ed. 1102.

Upon the whole, we conclude that, under a Code like that of Kentucky, and where the beneficial owners of fractions of the right of action, accrued to them by subrogation, in good faith present themselves

[2] The holding of the Fourth Circuit Court of Appeals, in Southern Bell Co. v. Watts, 66 Fed. 460, 464, 13 C. C. A. 579, seems to be based upon the common-law rule, and is to the effect that the defendant cannot insist that the insurance company should join.

in the state court as joint plaintiffs, they must be treated as parties, in determining the right to remove the case to the federal court.

It follows that the court below was without jurisdiction. The judgment will be reversed, with instructions to remand the record to the state court. The plaintiff in error will recover the costs of this court.