**BABCOCK v. NORTON et al.**

(Circuit Court of Appeals, Second Circuit. December 15, 1924.)

No. 99.

1. **Appeal and error** ⟺329—**Defect in appeal for failure to join necessary party held not "mistake" within statute as to amendment of appeal.**

Defect in appeal by two of three defendants, against whom joint decree has been rendered for failure to join third defendant in appeal or procure order of severance, cannot be cured under Rev. St. § 1005 (Comp. St. § 1664), providing for amendment of writ of error "when there is a mistake in the teste of the writ."

2. **Appeal and error** ⟺336(1)—**Appeal dismissed where codefendant has not been joined.**

Appeal by two defendants from judgment against such defendants and a codefendant jointly will be dismissed, where codefendant has not been joined in appeal and no order of severance has been made.

3. **Appeal and error** ⟺322—**Appellate court has no power to determine case unless all parties substantially affected by judgment are brought before it.**

An appellate court has no power to hear and determine a case unless all the parties substantially affected by the judgment or decree are brought before it.

4. **Appeal and error** ⟺324—**Summons and severance or service of notification of appeal on necessary parties is essential to confer jurisdiction on appeal from joint judgment or decree.**

On appeal from joint judgment or decree, summons and severance or service of notifica-

tion of appeal on necessary parties is essential to confer jurisdiction.

Appeal from the District Court of the United States for the Southern District of New York.

Bill by F. R. Babcock against Eugene L. Norton and others. Decree for plaintiff, and defendants Norton and Boyle appeal. Appeal dismissed.

Certiorari denied 45 S. Ct. 509, 69 L. Ed. ——.

Whitman, Ottinger & Ransom, of New York City (George G. Bogert, of Ithaca, N. Y., and Robert E. Coulson and Colley E. Williams, both of New York City, of counsel), for appellants Norton and Boyle.

Hartwell Cabell, of New York City (B. F. Sturgis and Milton B. Ignatius, both of New York City, of counsel), for plaintiff-appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The complainant, a citizen of the state of Pennsylvania, filed a bill in equity against Eugene L. Norton, a citizen of the state of Maryland, George L. Boyle, a citizen of the District of Columbia, Lincoln G. Valentine, a citizen of the state of New York, and the Central American Petroleum Corporation, a citizen of the state of Delaware. The last-named party is hereinafter referred to as the Petroleum Corporation. The bill seeks to rescind the sale of 3,000 shares of stock of the Petroleum Corporation, and to recover the purchase price paid therefor.

The jurisdiction of the District Court depended upon the diversity of citizenship of the parties, and the fact that the amount involved and for which recovery is sought exceeded the sum of $3,000 exclusive of interest and costs. The bill contained the proper averments and concluded by asking judgment for the sum of $26,083 with interest from April 6, 1920, together with costs.

The suit was instituted against the corporation, and Norton, Boyle, and Valentine individually.

The bill alleged that in April, 1920, the plaintiff was induced by false and fraudulent misrepresentations made by the individual defendants, Norton, Boyle, and Valentine, to purchase 3,000 shares of the stock of the Petroleum Corporation, for which he paid the sum of $45,000; that prior to the discovery of the fraud, the complainant sold 700 shares of the stock, for which he received $18,917; and the prayer for relief is for

a rescission of the contract and a recovery of the purchase price less the amount received from the sale of the 700 shares.

Defendants Norton and Boyle filed a joint answer, and the defendants Valentine and the Petroleum Corporation filed separate answers. All answers were, in substance, general denials. Neither Valentine nor the corporation defended at the trial.

The decree rescinded the contract and awarded money judgments against the corporation and the individual defendants, Norton and Boyle, for $26,083 with interest; this amount being the difference between the purchase price paid and the amount received from the sale of the 700 shares sold by the plaintiff. The complaint was dismissed as to defendant Valentine.

Only defendants Norton and Boyle petitioned to appeal. The appeal was not taken in open court, and the defendant corporation has never been severed by order of the court.

The judgment entered reads as follows:

"Wherefore, let the said Frederick R. Babcock recover of the said Central American Petroleum Corporation and Eugene L. Norton and George L. Boyle, individually, the sum of thirty-two thousand eighty-two and fourteen one-hundredths dollars ($32,082.-14) as adjudged in said final decree, together with a further sum of one hundred twenty-one and forty-four one-hundredths dollars ($121.44) the costs and charges as taxed, making in the aggregate the sum of thirty-two thousand two hundred three and fifty-eight one-hundredths dollars ($32,203.58)."

The defendants Norton and Boyle alone appealed to this court and have assigned 33 errors. The defendant Petroleum Corporation did not join in the appeal and there has been no order of severance. And the plaintiff·appellee claims that the failure to join the corporation in the appeal, in the absence of an order of severance, is fatal to the jurisdiction of this court, and that the appeal must be dismissed.

In Owings v. Kincannon, 7 Pet. 399, 402 (8 L. Ed. 727), a case decided in 1833, Chief Justice Marshall writing for a unanimous court dismissed an appeal because only a part of those against whom the decree was made had joined in the appeal. The Chief Justice said:

"Upon principle, it would seem reasonable, that the whole cause ought to be brought before the court, and that all the parties who are united in interest ought to unite in the appeal. We have, however, found no precedent, in chancery proceedings,

for our government in this case. But in the case of Williams v. Bank of the United States, 11 Wheat. 414, which was a writ of error, sued out by one defendant, to a joint judgment against three, the writ was dismissed; the court being of opinion that it had issued irregularly, and that all the defendants ought to have joined in it.

"By the Judiciary Act of 1789, decrees in chancery pronounced in a circuit court could be brought before this court only by writ of error. The appeal was given by the act of 1803. That act declares, 'that such appeals shall be subject to the same rules, regulations and restrictions as are prescribed by law in cases of writs of error.'

"Previous to the passage of this act, the decree under consideration could have been brought into this court only by writ of error, in which writ all the defendants must have joined. The language of the act which gives the appeal, appears to us to require that it should be prosecuted by the same parties who would have been necessary in a writ of error. We think also, that the same principle would be applicable, from the general usage of chancery, to make one final decree binding on all parties united in interest.

"The appeal must be dismissed, having been brought up irregularly."

In Todd v. Daniel, 16 Pet. 521, 523, 524, 10 L. Ed. 1054, Mr. Justice Story, writing for the court, said:

"The case of Owings v. Kincannon, 7 Pet. 399, seems to have been misunderstood at the bar. The objection in that case was not, that one or more of the defendants might not pursue an appeal, for their own interest, if the others refused to join in it, upon due notice, and process for that purpose from the Circuit Court; but that it did not appear that all the defendants were not ready and willing to join in the appeal, and that the appeal was brought by some of the appellants, without giving the others an opportunity of joining in it, for the protection of their own interest, not only against the appellee, but against the appellants, as their own interests might be distinct from, or even adverse to, that of the appellants; and it was right and proper, that all the parties should have an opportunity of appearing before the court, so that one final decree, binding upon all the parties having a common interest, might be pronounced."

In Masterson v. Herndon, 10 Wall. 416, 417, 418 (19 L. Ed. 953) in 1870, the appeal was dismissed because taken by one of two joint defendants. The petition for the

appeal stated that, "Your petitioner says that his codefendant, Maverick, refuses to prosecute this appeal with him." Mr. Justice Miller, speaking for the court and referring to the remedy by summons and severance and to the reason for it, said:

"We do not attach importance to the technical mode of proceeding called summons and severance. We should have held this appeal good if it had appeared in any way by the record that Maverick had been notified in writing to appear, and that he had failed to appear, or, if appearing, had refused to join. But the mere allegation of his refusal, in the petition of appellant, does not prove this. We think there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest. Such a proceeding would remove the objections made to permitting one to appeal without joining the other, that is, it would enable the court below to execute its decree so far as it could be executed on the party who refused to join, and it would estop that party from bringing another appeal for the same matter. The latter point is one to which this court has always attached much importance, and it has strictly adhered to the rule under which this case must be dismissed, and also to the general proposition that no decree can be appealed from which is not final in the sense of disposing of the whole matter in controversy, so far as it has been possible to adhere to it without hazarding the substantial rights of parties interested."

In Downing v. McCartney, 131 U. S. (Appendix, p. xcviii) 19 L. Ed. 757, Chief Justice Chase, writing for the court, said:

"The decree below was joint against the three complainants. One only has appealed; and there is nothing in the record showing that the other complainants had notice of this appeal, or that they refused to join in it."

In Hardee v. Wilson, 146 U. S. 179, 182, 13 S. Ct. 39, 36 L. Ed. 933, the court again applied the rule and dismissed the appeal because of the failure of the codefendants to join in the appeal, and the doctrine laid down in Masterson v. Herndon, supra, was quoted approvingly.

In Garcia v. Vela, 216 U. S. 598, 30 S. Ct. 439, 54 L. Ed. 632 (1910), one of the defendants appealed, but the codefendants did not join in the appeal. The court, speaking through Justice Holmes, said:

" * * * But as the other defendants did not join in the appeal, and there was no summons and severance, not to speak of other possible objections, the appeal must be dismissed."

See, too, Mason v. United States, 136 U. S. 581, 10 S. Ct. 1062, 34 L. Ed. 345; Feibelman v. Packard, 108 U. S. 14, 1 S. Ct. 138, 27 L. Ed. 634; Clifton v. Sheldon, 23 How. 481, 484, 16 L. Ed. 429; Simpson v. Greeley, 20 Wall. 152, 157, 22 L. Ed. 338.

There are an almost innumerable number of cases in the lower federal courts in which the rule has been recognized and applied. We cite a few of them: Priest v. Seaman (C. C. A.) 266 F. 844; Bank v. Corey Bros. Construction Co. (C. C. A.) 205 F. 282; Lamon v. Speer Hardware Co., 190 F. 734, 111 C. C. A. 462; Ireton v. Pennsylvania Co., 185 F. 84, 107 C. C. A. 304; Ibbs v. Archer, 185 F. 37, 107 C. C. A. 141; Provident Life & Trust Co. v. Camden, 177 F. 854, 101 C. C. A. 68; Lewis v. Sittel, 165 F. 157, 91 C. C. A. 191; Detroit v. Guaranty Trust Co., 168 F. 608, 93 C. C. A. 604; Holbrook, etc., Contracting Co. v. Menard, 145 F. 498, 76 C. C. A. 258; Love v. Export Storage Co., 143 F. 1, 74 C. C. A. 155.

In Whitehouse's Equity Practice, vol. 1, p. 852, § 512, it is laid down that "All the parties against whom a joint decree is rendered and who are jointly affected thereby must join in the appeal from such decree, or it will be dismissed unless a severance is made." And see, to the same effect, 3 C. J. 1012.

The reasons which are assigned for the rule are two:

(1) That the successful party should be free to proceed in the enforcement of his decree against the party or parties who acquiesce in it and do not desire to appeal.

(2) That the appellate tribunal should not be required to pass upon the same question and the same record a second or more times.

[1] The defect in the appeal clearly is not a mistake which the court can cure within section 1005 of the Revised Statutes (Comp. St. § 1664).

[2-4] As an appellate court has no power to hear and determine a case unless all the parties substantially affected by the judgment or decree are brought before it, and inasmuch as in cases of a joint judgment or decree, summons and severance, or service of notification of appeal on necessary parties is essential to confer jurisdiction (2 Encyc. of Pl. & Pr. 192, 193), we are reluctantly compelled to dismiss the appeal without a decision on the question which the appellant sought to raise. It is not to be infer-

red, however, that because we are reluctant to dismiss without passing on the merits we think that error was committed in the court below.

Appeal dismissed.